CLARENCE L. SCOTT

*v.*

RICHARD G. MOHN, *Superintendent*

WEST VIRGINIA PENINTENTIARY

(No. 14764)

Decided July 15, 1980.

*James M. Cagle* for petitioner.

*Chauncey H. Browning*, Attorney General, *David P. Cleek*, Assistant Attorney General, for respondent.

CAPLAN, JUSTICE:

The petitioner, Clarence L. Scott, invoking the original jurisdiction of this Court, filed a petition for a writ of habeas corpus. We granted the writ and, his petition

being filed in forma pauperis, counsel was appointed to represent him. The petitioner alleges that he was denied due process and equal protection of the law (1) by permitting trial and sentence on an allegedly void indictment and (2) by reason of ineffective assistance of counsel. The relief sought is denied.

The petitioner was indicted in the Circuit Court of Cabell County for the crime of armed robbery. The indictment was in the following language:

> That Clarence Linwood Scott on the ____ day of February, 1975, in the said County of Cabell, in and upon one James R. Thompson an assault did feloniously make, and he, the said James R. Thompson did then and there feloniously put in bodily fear, and one (1) blue check book, one (1) Sears Roebuck Company credit card, one (1) Penney's Company credit card, one (1) Sun Oil Company credit card, one (1) Union Seventy-six Company credit card, one (1) Exxon Company credit card, one (1) Gulf Oil Company credit card, one (1) Fifty Dollar ($50.00) Traveler's check, one (1) Twenty Dollar ($20.00) Traveler's check, one (1) United States silver dollar coin, one (1) Two Dollar bill of good and lawful United States currency and Fifteen Dollars ($15.00) good and lawful United States currency, all the property of the said James R. Thompson and lawfully in his control and custody, from the person of the said James R. Thompson and against his will, then and there feloniously and violently did steal, take and carry away, against the peace and dignity of the State.

Petitioner contends that the above indictment is void because the language appears to charge that the victim put himself in bodily fear. While the form of the indictment is somewhat archaic we note that the form very closely follows that suggested in Code 62-9-6, which provides:

> An indictment for robbery shall be sufficient if it be in form, tenor or effect as follows: ... That A ....., on the ... day of ..., nineteen ..., in the

said county of ... in and upon one B... an assault did feloniously make, and him, the said B... did then and there feloniously put in bodily fear ...

In a recent case, *State v. Furner*, 161 W.Va. 680, 245 S.E.2d 618 (1978) this Court, speaking through Justice Harshbarger, dealing with a similar problem said in Point 2 of the Syllabus:

"If an accused person is plainly and fully informed in an indictment of the character and cause of the accusation against him, transposition of his name with that of his victim in the videlicet clause of the indictment is not a fatal defect."

We find that the petitioner was fully and plainly informed of the character and cause of the accusation against him in the indictment in question here and deny relief on that ground.

The petitioner further claims that he had ineffective trial counsel. In *State v. Thomas*, 157 W.Va. 640, 203 S.E. 2d 445 (1974), this Court said in Point 19 of the Syllabus:

In the determination of a claim that the accused was prejudiced by ineffective assistance of counsel violative of Article III, Section 14 of the West Virginia Constitution and the Sixth Amendment to the United States Constitution, courts should measure and compare the questioned counsel's performance by whether he exhibited the normal and customary degree of skill possessed by attorneys who are reasonably knowledgeable of criminal law except that proved counsel error which does not affect the outcome of the case, will be regarded as harmless error.

See also *Carter v. Bordenkircher*, 159 W.Va. 717, 226 S.E.2d 711 (1976); *State v. Sims*, ___ W.Va. ___, 248 S.E.2d 834 (1978); and *State ex rel. Burton v. Whyte*, 163 W.Va. 276, 256 S.E.2d 424 (1979).

In the instant case the petitioner pleaded guilty to unarmed robbery and was sentenced to 5-18 years in the

state penitentiary. The depositions taken on behalf of the respective parties disclose that appointed counsel failed to contact his client promptly and further that he consulted with his client for a period of only ten to twenty minutes previous to the entering of his plea. The depositions and exhibits, however, reveal that before the acceptance of the guilty plea, the trial judge examined the petitioner at length. He pointed out to the petitioner that the crime charged in the indictment was punishable by a sentence of not less than ten years nor more than life; that a lesser included offense was charged in the indictment, i.e., unarmed robbery, the sentence for which is 5-18 years. The petitioner related that no promises were made to him to induce a guilty plea; that he entered the guilty plea freely and voluntarily; that he understood that he was entitled to a jury trial, that he understood that he was waiving his right to a jury trial by the entry of his plea; that he was satisfied that he had been adequately represented by counsel and that the charges had been adequately explained to him by his counsel; that he knew it was probable that he would be sentenced to the state penitentiary; and that he understood everything that the court had said to him. From the above recitation of facts it seems beyond question that the petitioner was, at the time he entered his plea and at time of sentencing, plainly and fully informed of the charges against him and that he was satisfied with his counsel. It plainly appears that the petitioner did not want to stand trial but desired to plead guilty, being fully aware of the probable sentence.

In addition to the foregoing, the record reveals evidence that appointed counsel did conduct an independent investigation and determined that the petitioner had a criminal record. Furthermore, counsel instigated plea bargaining which resulted in a plea to unarmed robbery rather than armed robbery as charged in the indictment. We acknowledge that trial counsel was not as attentive to the defendant's case as he should have been. However, in the circumstances revealed by the record, we conclude that the petitioner was not denied

effective assistance of counsel. Where the latter's efforts did fall short, the outcome of the case was not affected and any error that resulted will be regarded as harmless.

Whether or not an indigent defendant has been denied effective assistance of counsel in conducting his defense has been considered in many cases. We refer particularly to *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974); *Coles v. Peyton*, 389 F.2d 224 (4th Cir. 1968) and *United States v. DeCoster*, 487 F.2d 1197 (D.C. Cir. 1973), wherein guidelines were formulated to determine that issue. Distilling the principles taught by those cases we find that the Court should make the following inquiries as to whether:

1) counsel was promptly furnished to the accused;

2) counsel was afforded a reasonable time to prepare to defend the accused;

3) counsel promptly conferred and thoroughly discussed the facts and the law with the client, including but not limited to advising him of his rights, matters of defense, etc.;

4) counsel conducted any investigation of the facts and the law in preparation for trial;

5) counsel exhibited the normal and customary degree of skill possessed by attorneys who are reasonably knowledgeable of criminal law; and,

6) any prejudice resulted to the accused in the event any of the above guidelines were not followed.

An omission or failure to abide by the above requirements may constitute a denial of effective assistance of counsel unless the state can establish lack of prejudice thereby. Considering the circumstances of this case, counsel's representation of the defendant, while not of the highest order, did not fall to the level of "ineffective

assistance" and was not prejudicial to the defendant's case.

For the reasons herein stated the relief prayed for is denied and the petitioner is remanded to the custody of the repondent.

*Relief denied; petitioner remanded.*