ELSEY FORD SALES, INC.

*v.*

ROBERT R. SOLOMON, *et al.*

(No. 14748)

Decided July 29, 1981.

*Edgar F. Heiskell, III, Haden, Heiskell* and *Dyer*, for appellant.

*Clark B. Frame, Ronald R. Brown* for appellees.

PER CURIAM:

Elsey Ford Sales, Inc. (hereinafter referred to as Elsey), the plaintiff below, appeals a final order of the Circuit Court of Preston County entering judgment on a jury verdict in favor of Robert R. Solomon and Margaret Solomon (defendants below) in the amount of $14,096.91 on their counterclaim.

Elsey had brought suit to recover the $7,243.45 unpaid balance it alleged was due and owing on a 1974 Mack Truck which the Solomons purchased from the company on March 8, 1977, for a purchase price of $26,000.00. The Solomons filed an answer admitting that they had purchased the truck but averring that they were not indebted to Elsey because both the express and implied warranties made in connection with the truck had been breached. The answer specifically alleged that the truck was defective, "and said motor was defective, the transmission was defective and bearings and bushings in the said vehicle were defective, and the truck otherwise would not run and operate as warranted so to do . . . ." In addition, the Solomons filed a counterclaim in which they averred that during the same general time period that they had purchased the 1974 Mack Truck the plaintiff had negligently repaired two other trucks which they owned: a 1968 Ford Dump Truck (described in the record as a 1967 model) and a 1974 International Truck (described in the record as a 1972 model). The Solomons demanded judgment in the amount of $10,000.00. Elsey answered and denied the allegations of negligence in the counterclaim.

At the beginning of the trial, the circuit court ruled as a matter of law, and so instructed the jury, that Elsey was

entitled to recover from the Solomons the amount due on the account sued for, i.e., $7,243.45. The court also informed the jury that the only issues that remained to be resolved at trial related to the defense and counterclaim of the Solomons, and that the burden of proof had shifted to the Solomons.

The evidence at trial showed that when Mr. Solomon purchased the 1974 Mack Truck in March of 1977, he was a self-employed truckdriver and planned to use the truck to haul coal. He testified that he had some mechanical experience prior to becoming a truckdriver and that when he bought the truck he recognized that there was a problem with the engine which needed repair. Mr. Solomon also testified that Mr. Kenneth Wimer, owner of Elsey, told him to have the engine repairs done at Elsey's expense. In addition, Mr. Wimer orally agreed to pay 50% of the cost of any other repairs made to the truck within a sixty-day period, and represented that the truck was in good running order. Mr. Wimer testified that although he thought the truck was in good working order when he sold it, he made no warranties of any kind. Various invoices indicating the expenses incurred by Mr. Solomon in connection with the repair of the truck were admitted into evidence. In addition, he testified that the truck was inoperative as a result of mechanical failures for thirty days and that the fair rental value of the truck was $50.00 per day.

As to the 1972 International Truck, Mr. Solomon testified that he took the truck to Elsey's on March 24, 1976, to have the engine rebuilt, and that he had difficulty with it soon after. The engine blew up three times after it had been repaired because the fuel lines had somehow been crossed. There was also evidence that the truck was inoperative for a period of eighteen days and that the fair rental value of the truck was $50.00 per day. During this period when he was having trouble with the operation of the truck, Mr. Solomon bought the parts and performed a portion of the repair work himself. Again, numerous invoices indicating the expenses incurred in connection with this truck after Elsey had done some repair work on it were admitted into evidence.

The repairs on the 1967 Ford Truck concerned the clutch, the input shaft and the transmission. Mr. Solomon testified that after repairs were made by Elsey, two of the gears were missing, and this caused the engine to throw the thrust bearings. The truck worked for three days after it was overhauled by Elsey and was subsequently inoperative for a period of seventeen months.

The evidence of the appellant Elsey not only contradicted the claim of any warranty, but also contradicted the evidence of negligent repairs.

At the close of the testimony, the jury returned a verdict in favor of the Solomons in the amount of $14,096.91. Elsey moved the court to set aside the verduct and grant a new trial. The motion was denied and Elsey subsequently prosecuted this appeal, alleging in part that the veredict of the jury is excessive in amount.

It is a well settled legal principle adhered to by this Court and stated in Syllabus Point 2 of *Rhodes v. National Homes Corp.*, 163 W. Va. 669, 263 S.E.2d 84 (1979), *quoting,* Syl. pt. 6, *Earl T. Browder, Inc. v. County Court,* 145 W.Va. 696, 116 S.E.2d 867 (1960) that:

> "Where, in the trial of . . . [a contract] action . . . before a jury, the evidence is conflicting, it is the province of the jury to resolve the conflict, and its verdict thereon will not be disturbed unless believed to be plainly wrong."

Numerous decisions of this Court have also held that:

> "In an action wherein the compensation which the plaintiff is entitled to recover is indeterminate in character, the verdict of the jury may not be set aside as excessive unless it is not supported by evidence or is so large that the amount thereof indicates that the jury was influenced by passion, partiality, prejudice or corruption, or entertained a mistaken view of the case." Syl. pt. 4, *Earl T. Browder, Inc. v. County Court,* 145 W.Va. 696, 116 S.E.2d 867 (1960).

It is clear that in the case under consideration the amount of the verdict turned upon conflicting testimony

and the credibility of witnesses, on the questions of whether there was an implied and/or express warranty on the 1974 Mack Truck, and whether the repair work by the plaintiff on the other two trucks was negligently performed. Under these circumstances we cannot conclude that the verdict is excessive, particularly when there is nothing in the record to indicate that the jury was actuated by an improper motive or a mistaken view of the case. After a thorough review of the record we find that the evidence does support the amount of the jury's verdict, and if the jury was inclined to accept the defendants' evidence in its entirety, the record would justify a verdict even in excess of that returned. Thus, we conclude that because the amount which the defendants were entitled to recover was so indeterminate in character and because the verdict is supported by the evidence, this assignment of error is without merit. The verdict is not excessive.

Elsey's remaining two assignments of error are also without merit. First, Elsey complains that the court erred in denying its motion for separate trials on the complaint and counterclaim. This motion comes under Rule 42(c) W.Va. R.Civ.Proc. and its granting or denial is within the sound discretion of the trial court. *Bluefield Sash & Door Co. v. Corte Construction Co.*, 158 W.Va. 802, 216 S.E.2d 216 (1975). In this case the trial court directed a verdict in favor of Elsey for the unpaid sale price due and consequently the only issues heard by the jury were the alleged breach of warranty and the counterclaim

Finally, Elsey contends that the circuit court erred in not requiring the Solomons to amend their counterclaim when the jury brought back a verdict in excess of that demanded in the counterclaim. This issue is controlled by *Middle-West Concrete v. General Insurance Co.*, 165 W.Va. 280, 267 S.E.2d 742 (1980) where we held: "Challenges based on such technicalities cannot prevail under our Rules of Civil Procedure. *See*, W.Va. R. Civ. Pro., Rules 54(c) and 15(b). The propriety of the verdict is tested by the evidence to support the recovery and not by the amount of the ad damnum clause. *Smith v. Brady*, 390 F.2d 176 (4th Cir. 1968). *See*,

*State ex rel. Board of Education v. Spillers,* 164 W.Va. 453 259 S.E.2d 417 (1979)."

Accordingly, for the reasons stated above, the judgment of the Circuit Court of Preston County if affirmed.

*Affirmed.*