STATE OF WEST VIRGINIA

*v.*

HARRISON HENRY SMITH, *et al.*

(No. 15169)

Decided March 26, 1982.

*Clark B. Frame* for appellants.

*Chauncey H. Browning*, Attorney General, and *Gene Hal Williams*, Assistant Attorney General, for appellee.

PER CURIAM:

Appellants Harrison Henry Smith and Ronald Harrison Smith appeal from a final order of the Circuit Court of Preston County, denying appellants' motion to set aside the jury verdict rendered, and fining Harrison Henry

Smith $75.00 and costs and Ronald Harrison Smith $50.00 and costs. The appellants were convicted of unlawfully resisting arrest. In this appeal, appellants challenge the validity of the arrest warrants which initiated magistrate court proceedings which were later appealed to circuit court. They contend that the inadequacy of the information upon which the warrants were based rendered the trial void ab initio, and that the convictions should be reversed. We disagree and affirm.

The facts pertinent to this case may be briefly stated. In 1978, Harrison Henry Smith, and his son, Ronald Harrison Smith, owned and operated a used car sales business in Preston County and they resided very near the lot from which the business was conducted. On the 15th and 19th of September of 1978, Trooper Joseph L. Garrett of the West Virginia State Police, along with special agents from the Federal Bureau of Investigation, visited the sales lot of Smith Motor Sales, at first to investigate, and then to remove stolen vehicles located there. On the 19th, Trooper Garrett obtained arrest warrants for appellants. These warrants do not appear in the record, but apparently they were issued for receiving stolen vehicles. The validity of these warrants is not challenged. When, late in the evening of the 19th, the officers investigating the case attempted to enter the Smith home and arrest appellants pursuant to these warrants, a melee resulted, during which Harrison Henry Smith's elbow became dislocated. The versions of the incident as related at trial by Trooper Garrett and the special agents involved bear little resemblance to the version given by the appellants and their codefendant below, Mrs. Helen Smith, wife of the appellant Harrison Henry Smith. The officers testified that the Smiths attacked them after entry had been made into the residence and that the force used to subdue appellants was no more than absolutely necessary. Appellants and Mrs. Smith were taken into custody following this incident, and were lodged in the Preston County jail.

On the following day, the 20th of September, Officer Garrett obtained the arrest warrants challenged in this

appeal, charging the Smiths with resisting arrest. Appellants and Mrs. Smith were convicted in magistrate court on the charges contained in the warrants and, on appeal, the circuit court dismissed the charge against Mrs. Smith, but appellants were again convicted of resisting arrest. It is from this conviction that appellants prosecute this appeal.

The appellants challenge the sufficiency of the information upon which the arrest warrants were issued and also contend that they were accorded inadequate jury strikes. Neither issue was raised below.

As we stated in Syllabus Point 17 of *State v. Thomas,* 157 W.Va. 640, 203 S.E.2d 445 (1974):

> "As a general rule, proceedings of trial courts are presumed to be regular, unless the contrary affirmatively appears upon the record, and errors assigned for the first time in an appellate court will not be regarded in any matter of which the trial court had jurisdiction or which might have been remedied in the trial court if objected to there."

In view of the appellants' failure to raise these matters below, they will not be considered for the first time in this Court.

Additionally, appellants' contention that the evidence adduced at trial was insufficient to support the verdict of guilty of resisting arrest is without merit. As we stated in Syllabus Point 1 of *State v. Starkey,* ___ W.Va. ___, 244 S.E.2d 219 (1978):

> "In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, where the state's evidence is sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done.

The evidence offered by the officers involved in the arrests of the appellants, if believed, would support a verdict of guilty, and the credibility of witnesses is peculiarly within the province of the trier of facts.

Accordingly, the judgment of the Circuit Court of Preston County is affirmed.

*Affirmed.*

McGraw, J., dissents on the issue of the validity of the arrest warrants upon which the trial below proceeded and would reverse.