300 S.E.2d 635

**Jennings Randolph LIPSCOMB**

v.

**KING KNOB COAL COMPANY and Robert Foster.**

**No. 15441.**

Supreme Court of Appeals of West Virginia.

Feb. 17, 1983.

---

Richard W. Cardot, Elkins, for appellant.

Steptoe & Johnson, Robert M. Steptoe, Jr. and C. David Morrison, Clarksburg, for appellees.

PER CURIAM:

This is an appeal by Jennings Randolph Lipscomb from an order of the Circuit Court of Monongalia County denying him a new trial in his personal injury action against King Knob Coal Company and Robert Foster. In that action a jury had returned a verdict in favor of the defendants. In the present proceeding the appellant contends that the jury's verdict was contrary to the evidence and also that the jury erroneously attached significance to the fact that a witness to the accident was absent from the trial. We disagree, and we affirm the judgment of the Circuit Court of Monongalia County.

At the time relevant to this action, the appellant was employed by the United States Environmental Protection Agency and was working on a water-sampling project being conducted at King Knob's Christopher Mine No. 3. As a part of its mining operations, King Knob had dug a large pit into the side of the hill. The pit had a vertical "highwall" 75 to 85 feet high. At the side of the pit was a spoil pile which was approximately 75 to 100 feet high. At the toe of the pile was a water diversion ditch which was approximately 15 feet wide. Immediately below the diversion ditch was a hillside. One hundred feet or more below the ditch on, or at the foot of the hillside, the Environmental Protection Agency had built a water-testing shed.

On September 2, 1976, the appellant was working in the water-testing shed when an eight-foot boulder rolled down the hill. The boulder struck the shed and seriously injured the appellant. At the time of the accident, King Knob was filling the pit. Defendant Foster was operating a bulldozer as a part of the filling operation.

The appellant instituted this action to recover damages for the injuries which he sustained as a result of the accident. He relied upon the doctrine of *res ipsa loquitur* to establish the negligence of the defendants. In the course of the trial he introduced evidence showing that the boulder had demolished a portion of the ditch at the foot of the spoil pile and that it had crashed into trees and underbrush before it struck the water-testing shed. He introduced no evidence, however, directly showing that the boulder had actually come from the pile.

The defendants took the position that there was no evidence that the boulder came from the pile. Their evidence showed that a preshift inspection had failed to indicate that a boulder was present on the face of the pile. They also introduced evidence showing that all their activity at the time of the accident was centered on the pit, which was some 75 to 100 feet away from the pile. Witnesses for King Knob indicated that King Knob's employees were not on, or working with the pile at the time of the accident. At the conclusion of the evidence the court instructed the jury on the doctrine of *res ipsa loquitur.* Nonetheless the jury returned a verdict in favor of the defendants.

On appeal the appellant contends that the jury's verdict was not supported by the evidence.

■ In syllabus point 3, of *Royal Furniture Co. v. City of Morgantown,* 164 W.Va. 400, 263 S.E.2d 878 (1980), we stated:

" 'In determining whether the verdict of a jury is supported by the evidence, every reasonable and legitimate inference, fairly arising from the evidence in favor of the party for whom the verdict was returned, must be considered, and those facts, which the jury might properly find under the evidence, must be assumed as true.' Point 3, Syllabus, *Walker v. Monongahela Power Company,* 147 W.Va. 825, 131 S.E.2d 736 (1963)."

■ The purpose of the doctrine of *res ipsa loquitur* is to provide a method by which negligence may be established. The doctrine is a rule of evidence which permits a jury to infer, from facts bringing the doctrine into play, that the defendant was negligent, and such inference may be rebutted as we stated in syllabus point 3 of *Redman v. Community Hotel Corp.,* 138 W.Va. 456, 76 S.E.2d 759 (1953): "An inference of negligence which may arise upon the application of the *res ipsa loquitur* doctrine may be rebutted." More recently in *Royal Furniture Co. v. City of Morgantown, supra* 881, we said:

"However, under the doctrine of *res ipsa loquitur,* which means literally that the thing or transaction speaks for itself, the facts or circumstances accompanying an injury or damage may be such as to raise a presumption or permit an inference of negligence on the part of the defendant."

■ In the case before us King Knob introduced evidence showing that its employees and representatives of the United States Mine Enforcement and Safety Administration as well as other federal and state agencies often visited the areas from which the boulder may have broken loose. There was evidence that on the day in question Arnold Hewitt, a foreman for King Knob, inspected the spoil area and pit area but detected nothing dangerous or out of the ordinary. There was also evidence that defendant Foster did not operate his bulldozer near the spoil pile from which the appellant believed the boulder came.

After considering the evidence adduced and weighing the inferences fairly arising from it in favor of King Knob and defendant Foster, as we are required to do by syllabus point 3 of *Royal Furniture Co. v. City of Morgantown, supra* we believe that the jury might properly have found that King Knob and Mr. Foster were not negligent. Since the jury was properly instructed on the doctrine of *res ipsa loquitur* we conclude that the jury resolved the factual issues against the appellant and

**524**

that the appellant's assertion that the verdict was not supported by the evidence is without merit.

At the time of the accident another employee of the Environmental Protection Agency, Robert Scott, was in the water-testing shed with the appellant. Mr. Scott did not testify during trial. In the course of their deliberations the jury, by written communication, asked why Mr. Scott was not at the trial. The judge responded by written note: "You will consider only the evidence presented to the jury during the trial of this case. This includes the testimony of the witnesses and all exhibits admitted in the record by the judge." On appeal the appellant argues that the jury's question showed that they speculated about immaterial and irrelevant matters and that their verdict supports the reasonable inference that Mr. Scott's absence was detrimental to his case.

■ It does not appear from the record of the case that the appellant's counsel objected to the trial judge's response to the jury's query. In fact, King Knob, in its brief, represents that the response was made only after the trial court had consulted with the appellant's counsel. We stated in syllabus point 7 of *Wheeling Dollar Savings & Trust v. Leedy*, 158 W.Va. 926, 216 S.E.2d 560 (1975):

> " 'Where objections were not shown to have been made in the trial court, and the matters concerned were not jurisdictional in character, such objections will not be considered on appeal.' Syllabus point 1, *State Road Commission v. Ferguson*, 148 W.Va. 742, 137 S.E.2d 206 (1964)."

Moreover, it appears that the judge's response was in conformity with the elementary point of law that a jury's verdict must be based solely on the evidence adduced at trial.

For the reasons stated, the judgment of the Circuit Court of Monongalia County is affirmed.

Affirmed.