310 S.E.2d 213

**Fred CARTER**

v.

**Donald TAYLOR.**

No. 15702.

Supreme Court of Appeals of
West Virginia.

Dec. 14, 1983.

William W. Pepper, Pepper & Nason, Charleston, for appellant.

Carl L. Harris, Asst. Pros. Atty., Fayetteville, for appellee.

PER CURIAM:

The defendant, Fred Carter, appeals his conviction by a jury of criminal contempt. The contempt conviction arose from the defendant violating a court order which had enjoined him from using a strip of land adjacent to his home. Initially, both the defendant and Donald Taylor claimed to own the strip of land that separated their properties. On April 11, 1979, the Circuit Court of Fayette County ruled in favor of Mr. Taylor and ordered that the defendant be "hereby enjoined from any further use of, occupancy of, or interference with" Mr. Taylor's use of the property.

On October 14, 1981, Mr. Taylor filed a petition in the circuit court alleging that the defendant was not complying with the court's April 11, 1979 order. After holding a probable cause hearing, the trial judge ruled on December 23, 1981, that he found probable cause to believe that the defendant had violated the April 11, 1979 order on several different occasions. A trial date was set and the jury found the defendant guilty on February 11, 1982.

■ Mr. Carter secured new counsel for the appeal and several grounds of error are alleged. However, none of these errors were asserted at the trial court level and we are, therefore, controlled by Syllabus Point 17 of *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974):

"As a general rule, proceedings of trial courts are presumed to be regular, unless the contrary affirmatively appears upon the record, and errors assigned for the first time in an appellate court will not be regarded in any matter of which the trial court had jurisdiction or which might have been remedied in the trial court if objected to there."

*See also* Syllabus Point 1, *State v. Smith*, 169 W.Va. 750, 289 S.E.2d 478 (1982).

■ Counsel argues in the alternative that the failure of trial counsel to raise the objections at the contempt proceeding constitutes ineffective assistance of counsel and for this reason we should reverse the case. Implicit in a claim of ineffective assistance of counsel is that the errors asserted against the trial counsel resulted in substantial prejudice to the defendant. *See State v. Hatfield*, 169 W.Va. 191, 286 S.E.2d 402, 412 (1982). Customarily, we have followed the standard set in Syllabus Point 19 of *State v. Thomas, supra:*

"In the determination of a claim that an accused was prejudiced by ineffective assistance of counsel violative of Article III, Section 14 of the West Virginia Constitution and the Sixth Amendment to the United States Constitution, courts should measure and compare the questioned counsel's performance by whether he exhibited the normal and customary degree of skill possessed by attorneys who are reasonably knowledgeable of criminal law, except that proved counsel error which does not affect the outcome of the case, will be regarded as harmless error."

*See also* Syllabus Points 6 & 7, *State v. Hatfield, supra;* Syllabus Point 2, *Scott v. Mohn,* 165 W.Va. 393, 268 S.E.2d 117 (1980).

The defendant contends that trial counsel should have objected to the insufficient specificity of the contempt charges, but an examination of the charges discloses that the various incidents were substantially identified. He next claims that objection should have been made to Mr. Taylor's attorney prosecuting the contempt proceeding in light of our holding in *State ex rel. Koppers Co., Inc. v. International Union of Oil, Chemical and Atomic Workers,* 171 W.Va. 290, 298 S.E.2d 827 (1982). However, this decision was issued several months after the completion of the trial in the present case, thus trial counsel cannot be charged with knowledge of it.

■ The defendant argues that trial counsel should have objected to the testimony of the plaintiff's attorney's law partner, who identified two photographs of the disputed property and related to the jury a conversation he had with the defendant. While we do not condone the practice of an attorney testifying at a trial in which the attorney's law partner is representing one of the parties, *see* D.R. 5–102 of the Code of Professional Responsibility, we conclude that in this case, no prejudice was suffered by the defendant because the evidence of the conversation was relevant only to one count in the contempt citation that was subsequently dismissed at the close of the plaintiff's case.

Finally, the defendant asserts his trial counsel should have moved that the trial court be recused from hearing the case under that portion of Rule 42(b) of the West Virginia Rules of Criminal Procedure which provides: "If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent."

■ This language is taken from Rule 42(b) of the Federal Rules of Criminal Procedure. It has been taken to mean that the contempt must involve some direct or personal attack on the judge and his rulings. Moreover, the placement of this language in Rule 42(b) ordinarily excludes its operation from Rule 42(a) dealing with summary contempt procedures. 8B J. Moore, Moore's Federal Practice ¶ 42.04, *et seq.* (2d ed. 1983). *See Mayberry v. Pennsylvania,* 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971). In the present case, there was no direct or personal attack on the judge committed in his presence. Therefore, the Rule 42(b) language previously quoted is not applicable.

For the foregoing reasons, the judgment of the Circuit Court of Fayette County is affirmed.

Affirmed.