370 S.E.2d 734

**John P. NELSON**

v.

**LOGAN MOTOR SALES, INC.**

**No. 17637.**

Supreme Court of Appeals of West Virginia.

July 1, 1988.

---

Paul R. Sheridan, Logan, for appellant.

Charles Bailey, Logan, for appellee.

PER CURIAM:

This case is before the Court upon the appeal of John P. Nelson from an order of the Circuit Court of Logan County which set aside a jury verdict in his favor in the amount of $3,500. The court also denied the appellant a new trial and awarded the appellee, Logan Motor Sales (Logan), $1,992.13 on its counterclaim.

Among other issues, the appellant contends that the trial judge erred when he set aside the jury findings of liability and damages solely due to the appellant's failure to sufficiently prove damages. Since we hold that the trial judge made an erroneous evidentiary ruling relating to damages, we reverse and remand the case for a retrial as to damages only.

In an action for a breach of implied warranty of merchantability for the purchase of a used automobile, the appellant, plaintiff below, sought to introduce his repair bills, totalling $455.04. The trial judge concluded that the bills were inadmissible because the bills represent special damages which were not pled, rather than a buyer's general damages under *W.Va.Code*, 46–2–714(2) [1963].

*W.Va.Code*, 46–2–714(2) [1963] reads: "The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different result."

The only evidence before the jury was that the appellant agreed to pay $3500 for the automobile. Both parties agreed at trial that this figure represented the value of the automobile as warranted. In order to establish the actual value of the automobile as accepted, the appellant first offered his repair costs, which the trial judge ruled inadmissible as special damages. He then testified that after several repair attempts by Logan and another shop, the transmission (which began faltering within two days of purchase), operated in first gear only. One year after he purchased the car, the appellant parked it because he believed it was too difficult to drive.[1]

The appellee, Logan, introduced the balance owed on the note for the automobile, $1,992.13, as evidence of its counterclaim damages.[2]

The jury was given a verdict form which allowed it to find for either party, or both, and to determine the amount of the award(s). The jury found for the appellant in the amount of $3400. It did not award Logan any amount on the counterclaim.

The trial judge granted Logan's motion to set aside the verdict. He denied the appellant's motion for a new trial and instead granted Logan's motion for a judgment notwithstanding the verdict for the full amount of the counterclaim, the $1,992.13 balance on the note.

The trial judge's order reflects that both the finding of contractual liability and the damage award were set aside solely because the claimant failed to prove damages.[3]

The appellant contends that the trial judge erred when he set aside the verdict because the appellant testified that he did not drive the automobile due to its condition. The appellant contends that, based on this testimony, the jury could find that the automobile was essentially worthless as an automobile at the time of acceptance.[4]

In the alternative, the appellant contends that his failure to sufficiently prove the actual value of automobile at the time of acceptance was due to the trial court's ruling that repair costs may not be used to establish the actual value of the automobile at the time of acceptance.[5]

The appellant's testimony in this case, without evidence relative to repair costs, is insufficient to establish that the automobile was essentially worthless at the time of acceptance. Lay witnesses may express their opinion as to the value of personal or real property, as long as the opinion is not speculative or conjectural. *Spencer v. Steinbrecher*, 152 W.Va. 490, 164 S.E.2d 710 (1968); *Royal Furniture Co. v. City of Morgantown*, 164 W.Va. 400, 263 S.E.2d 878 (1980); *Hardman Trucking, Inc. v. Poling Trucking Co., Inc*, 176 W.Va. 575, 346 S.E.2d 551 (1986).

In syllabus point 3 of *Spencer v. Steinbrecher, supra,* we held: "Where the plaintiff had the burden of proof in establishing the value of her car which had been converted by unlawful distress warrant ob-

---

1. Approximately four months of the one-year period, appellant was unable to drive the automobile for reasons associated with the transmission repair. When he ceased driving the automobile, the odometer registered an additional 4,000 miles from the date of purchase.

2. The appellant was financed through a bank, which assigned the note and counterclaim to Logan.

3. The order reads, in pertinent part:

   7. That during the trial of this action, Plaintiff produced no admissible evidence whatsoever of damages and there was a complete absence of proof with respect to Plaintiff's damages;

   8. That the jury had no evidence before it to enable it to estimate Plaintiff's actual damages, if any, with any degree of certainty;

4. Under *W.Va.Code,* 46-2-714(2), which was provided to the jury, a $3400 award would reflect $3500 (the value of the goods as warranted) minus $100 (the value of the goods accepted).

5. When using repair costs under the general damages formula, the buyer is deducting from the value of the goods, as warranted, the cost of repairs in order to determine the value of the goods as accepted. In essence, when repair costs are used to determine the value of the goods as accepted, the buyer's damages are his repair costs. *See* 3 W. Hawkland, UCC Series, § 2-714:04 (1984).

tained by [an] automobile repair shop, the burden is not met by her unsupported testimony that she 'imagined' it was worth a certain amount." In *Spencer*, the plaintiff provided no basis for her opinion. Later, in *Royal Furniture*, the proprietors of a clothing store that suffered water damage "set out the fair market value of the damaged merchandise, item by item, informed the jury that such damage constituted total loss ... and, that all the merchandise was given to the Salvation Army." *Royal Furniture v. City of Morgantown*, 164 W.Va. 400, 407, 263 S.E.2d 878, 882 (1980). In *Royal Furniture* this Court found that the lay witnesses had provided a sufficient basis for assigning the value of his property and therefore satisfactorily proved damages.

■ In this case, the appellant testified that he could not drive the vehicle in its current condition. As in *Spencer*, the appellant's statement, standing alone, may not have supported a finding that the vehicle was essentially worthless.[6]

■ However, the plaintiff also had evidence of repair costs to support his allegation. The trial judge erred when he ruled that repair costs were special damages rather than evidence of the "value of the goods as accepted" under the general damages formula, thereby excluding critical evidence of the appellant.[7]

On retrial the appellant's repair bills may be admitted as evidence of general damages. In other personal property cases, this Court has sepcifically held that general damages may be proven by repair bills. *Hardman Trucking, Inc. v. Poling Trucking, Inc.*, 176 W.Va. 575, 578, 346 S.E.2d 551, 554 (1986); *Spencer v. Steinbrecher*, 152 W.Va. 490, 497, 164 S.E.2d 710, 715 (1968). Specifically, in *Mountaineer Contractors v. Mountain State Mack, Inc.*, 165 W.Va. 292, 302–03, 268 S.E.2d 886, 893 (1986), this Court held that repair bills may be used to determine general damages under the formula for breach of warranty provided in *W.Va.Code*, 46-2-714(2).

Our ruling in *Mountaineer Contractors* is in accord with the generally accepted view that the damage formula provided in *Code*, 46-2-714(2) "works fairly smoothly where the buyer replaces the defective goods. The cost of repair is strong evidence of the difference between the value they would have had if they had been as warranted.... In most cases damages can be determined based on estimates of what it would cost to repair or replace." 3 W. Hawkland, UCC Series, § 2–714:04 and cases cited therein (1984). *See* cases collected at 2 UCC Case Digest § 2714.11 (1985 revised vol. and supp.); annotation,

6. *Cf. Muzelak v. King Chevrolet, Inc.*, 179 W.Va. 340, 368 S.E.2d 710 (1988). In *Muzelak,* the jury awarded the buyer the full purchase price for breach of implied warranty on a demonstrator automobile. This amount, under *Code,* 46-2-714(2), would reflect that the automobile was essentially worthless at the time of acceptance. However, the buyer produced evidence of the value as accepted through twenty-three instances of repairs, ten of which occurred prior to purchase, seller's statements against interest concerning the reliability of the automobile, and the buyer's testimony concerning her inability to drive the automobile as it was unreliable. The issue of the sufficiency of proof for general damages under *Code,* 46-2-714(2) was not raised on appeal. *See also McGrady v. Chrysler Motors Corp.,* 46 Ill.App. 136, 4 Ill.Dec. 705, 360 N.E.2d 818 (1977) where the court affirmed a jury award for the full purchase price of a new automobile on a breach of implied warranty action. While the court noted there was no express evidence of the value of the automobile as accepted, facts similar to those of *Muzelak*

supported a jury award for the full amount. The court distinguished *McGrady* from *Holz v. Coates Motor Co., Inc., et al.,* 206 Va. 894, 147 S.E.2d 152 (1966), where the Virginia court held that absent evidence that the automobile did not run, the buyer's testimony, standing alone, that the automobile was worthless would not support a jury award for the full purchase price.

7. During the trial, the appellee specifically objected to the admissibility of the repair bills because they constituted special damages, which were not pled, rather than general damages under *W.Va.Code,* 46-2-714(2). The trial court agreed. In its order granting a motion for a new trial the judge concluded that the repair bills were inadmissible because the appellant did not establish "special circumstances." It is unclear from the order whether the trial judge is referring to special damages or the "special circumstances" provision contained in *W.Va. Code,* 46-2-714(2). On appeal, both parties have assumed the trial judge was referring to special damages.

17 A.L.R.3d 1010 (1968). *See also Elsey Ford Sales v. Solomon,* 167 W.Va. 891, 280 S.E.2d 718 (1981), where, without discussion, evidence of repair costs was used to determine the actual value of a used truck under the general damages formula for breach of warranty. None of these authorities require "special circumstances" under *Code,* 46–2–714(2) for admitting repair bills. Therefore, on retrial the appellant's repair bills and/or estimates should be admitted as evidence to determine his general damages.[8]

We now address issues to be determined on remand:

'"Where, in the trial of an action at law before a jury, the evidence is conflicting, it is the province of the jury to resolve the conflict, and its verdict thereon will not be disturbed unless believed to be plainly wrong." Point 2, Syllabus, *French v. Sinkford,* 132 W.Va. 66 [54 S.E.2d 38.].' Syllabus Point 6, *Earl T.*

*Browder, Inc. v. County Court,* 145 W.Va. 696, 116 S.E.2d 867 (1960).

The trial judge erroneously excluded the appellant's repair costs in order to establish general damages. The sole basis of the trial judge's decision to set aside the jury finding of contractual liability and damages was due to the appellant's failure to prove general damages. The appellant certainly proved liability in this case. The trial judge therefore erred when he set aside the jury finding on contractual liability. Therefore, the case will be remanded for a new trial on damages only, consistent with this opinion.[9]

Reversed and remanded.

---

8. In *Mountaineer Contractors v. Mountain State, supra,* we suggested that the use of repair costs to determine the damages of used equipment in a breach of implied warranty case was merited under the "special circumstances" exception contained in *W.Va.Code,* 46–2–714(2) (1986). This is not to suggest that repair costs may only be used in "special circumstances." In *Mountaineer Contractors,* the disputed used equipment was sold during a time of scarcity. The purchase price was so severely inflated that the used goods actually exceeded the cost of new goods, where available. The "special circumstances" discussed in *Mountaineer,* therefore, had less to do with the use of repair bills to establish actual value, as accepted, than the fact that the entire formula could not be used. Syllabus point 3, *Mountaineer Contractors, supra.*

The formula is value as warranted minus value as accepted. Given the liberal construction of remedies provided under the article (*Code,* 46–1–106 [1963]), this Court found that the inflationary situation made it difficult to ascertain either instance of value.

This is not to suggest that repair costs are only admissible in "special circumstances." "Special circumstances" exist when the entire formula is inappropriate. As stated earlier, the deduction of repairs from value of the goods as warranted is a practical means of determining the value of the goods as accepted. Examples of true "special circumstances" cases, where the formula was found wholly inadequate and other means of proving damages were approved are: *Hirst v. Elgin Metal Casket Co.,* 438 F.Supp. 906 (D.C.Mont.1977) (Damages for breach of ex-

pressed warranty for a "leak-proof casket" are the pain and suffering of the decedent's relatives when viewing a moldy corpse upon exhumation); *Baden v. Curtiss,* 380 F.Supp. 243 (D.C.Mont.1974) (Damages for breach of implied warranty of merchantability of defective bull semen are the value of the first calf crop that would have been produced.)

9. Two other issues were raised by the appellant. First, on remand, the appellant is precluded from recovering damages for loss of use, annoyance, and inconvenience; regardless of whether the trial judge properly ruled that these damages were improperly pleaded and could not be submitted to the jury. The only evidence offered by the appellant was that he had to borrow a truck and asked his brother for rides to work. The appellant did not present evidence of the frequency or dollar value of these gratuitous services. This failure of proof was not attributable to error by the trial judge. *See Carter v. Taylor,* 172 W.Va. 696, 310 S.E.2d 213 (1983); *Jarrett v. E.L. Harper & Son, Inc.,* 160 W.Va. 399, 235 S.E.2d 362 (1977) as to objective standards for determining loss of use and annoyance.

Second, after the jury determines the amount owed to the appellant under the breach of implied warranty action, the trial judge should offset the stipulated balance owed under the security agreement ($1,992.13) as he properly granted the appellee's motion for judgment notwithstanding the verdict on the counterclaim. *W.Va.Code,* 46A–2–103(6) [1974].