LONNIE WALTON

*v.*

O. L. GIVEN, *et al.*;

PRICE MEYERS CORPORATION

(No. 13520)

Decided June 17, 1975.

*Jeniver J. Jones* for appellant.

*Jack D. Huffman* for appellee.

CAPLAN, JUSTICE:

In the circumstances revealed by the record of the proceedings resulting in this appeal the principal issue to be resolved is whether the defendant, Price Meyers Corporation, properly could be charged with negligence resulting in the damage complained of by the application of the doctrine of *res ipsa loquitur*.

This is an appeal from a judgment of the Circuit Court of Braxton County in an action instituted by Lonnie Walton against O. L. Given and Ferris K. Brady, doing business as B & G Mobile Homes, and Price Meyers Corporation. In that action the plaintiff sought recovery of damages against the defendants charging that the explosion which destroyed or severely damaged a mobile home which he had purchased from B & G Mobile Homes was caused by the negligent workmanship or the use of defective equipment in the construction of said mobile home by the said defendants. Upon trial of this matter jury verdicts were returned against defendant Price Meyers Corporation in favor of the plaintiff in the sum of $4,316.15. At the direction of the court the jury, by a second verdict, found for the defendants, B & G Mobile Homes, O. L. Given and Ferris K. Brady, doing business as B & G Mobile Homes and against the plaintiff. Motions for a directed verdict were made by the defendant, Price Meyers, at the conclusion of the plaintiff's evidence and again at the conclusion of all of the evidence, which motions were overruled by the court. Upon the denial by the court of the defendant's motion to set aside the verdict and to be awarded a new trial this appeal was prosecuted.

It appears from the record that on October 27, 1969 the plaintiff, Lonnie Walton, purchased from B & G Mobile Homes a new 1970 PMC (Price Meyers Corporation), Special Model 12 × 50 foot mobile home. This mobile home, sometimes herein called trailer, was manufactured by Price Meyers Corporation and sold and delivered directly to B & G Mobile Homes by said corporation. On October 28, 1969, pursuant to an agreement

between the plaintiff and Mr. W. W. Squires, General Manager of B & G Mobile Homes, the trailer was moved to a lot in Gassaway, Braxton County, West Virginia, which the plaintiff had rented from one Ray Shepherd. In further pursuance of the agreement the trailer was placed on blocks, levelled and completely checked out in order for it to be ready for occupancy by the plaintiff by November 1, 1969. The electrical, water and propane gas connections were made and all systems were tested for leaks and proper connections before the mobile home was turned over to the plaintiff. All of this work was performed under the supervision of W. W. Squires with the assistance of William H. Squires, his son, and Larry Blake and Dorman Carpenter, all employees of B & G Mobile Homes.

During the testing of the equipment in the trailer the pilot light on the cookstove was lit, the furnace was found to be operating properly and the electrical system appeared to be in order. The undisputed evidence reveals that upon the completion of this installation the pilot light on the range or cookstove was left burning.

Between the hours of eleven o'clock and twelve o'clock noon on the morning of November 1, 1969 the plaintiff, Mr. Walton, obtained the keys to his trailer from Mr. W. W. Squires at the latter's office and proceeded to his trailer. From October 28 to November 1, 1969 the keys to the Walton trailer were kept in Mr. Squires' office. Approximately twenty minutes after Mr. Walton departed Mr. Squire received a telephone call informing him that an explosion had occurred at the trailer and he immediately drove to the trailer site. Upon his arrival he found that an explosion had occurred in the trailer and that the trailer was seriously damaged. Upon entering the trailer with the plaintiff Mr. Squires found that the furnace door had been blown off and that several other doors in the trailer had been blown from their hinges. Furthermore, the sides of the trailer were pushed out from the roof six to eight inches in three or four places and glass was blown out of the windows. A further relevant fact is that the valve which regulated

the flow of gas into the trailer consisted of a small wheel on top of the tank which was located approximately three and one-half to four feet from the ground on the outside of the trailer and was easily accessible to anyone who passed on that side of said trailer.

The evidence adduced at the trial on behalf of the plaintiff consisted of the testimony of W. W. Squires, the General Manager of B & G Mobile Homes, Lonnie Walton, the plaintiff, and Bryan Belknap, Vice President of Belknap and Clowser another mobile homes dealer in that area. There was also included in the record a handwritten statement of W. H. Squires wherein he related the manner in which the trailer was installed and made ready for use. This statement was included in the record as an exhibit. There were also exhibits consisting of photographs and the contract of sale for the purchase of the trailer. Mr. W. W. Squires appearing for the plaintiff merely related the circumstances of the purchase of the trailer by the plaintiff and the manner in which the trailer was readied for occupancy. He testified that the tests alluded to above in relation to the gas, electrical and water systems were made and that the steps normally taken in making a trailer ready for occupancy were taken in this instance. Nowhere as a witness for the plaintiff does he attempt to show negligence on the part of Price Meyers Corporation. The plaintiff also testified only as to the circumstances surrounding the sale and the damaged condition of his trailer. His testimony in no way charged any negligence to the dealer or the manufacturer. Mr. Belknap testified only as to the condition of the trailer after the explosion and gave testimony as to the then value of the trailer.

William H. Squires, the son of W. W. Squires, was the only witness called on behalf of the defendant. His testimony described the procedures followed in readying the trailer for occupancy. He testified that the valve referred to above which regulated the flow of gas into the trailer was located on the outside of the trailer 3 1/2 to 4 feet from the ground and that is was available to pass-

ersby. He further testified that at the completion on the installation of the trailer the pilot light on the cookstove was left on. The record reveals this further testimony of Mr. Squires:

Q. Had someone turned off the gas from the outside would that pilot light have gone out?

A. Yes.

\* \* \*

Q. Mr. Squires, if someone turned off the gas and the pilot light went off and then turned it back on, would gas have accumulated in the trailer?

A. Yes.

When counsel for the plaintiff stated that he would offer no further evidence on the question of negligence concerning the trailer sales, the court declared that since the only claim the plaintiff had would be under the *res ipsa loquitur* doctrine and that since that doctrine, under the evidence, was not applicable to Brady and Given, doing business as B & G Mobile Homes, they were dismissed as parties in this action. The Court retained Price Meyers Corporation as a defendant on the theory that inasmuch as the furnace remained unchanged from the time the manufacturer delivered it to the sales company the doctrine of *res ipsa loquitur* is available in proving negligence.

The following errors are assigned by the appellant:

1. The first verdict of the jury is contrary to the law and the evidence.

2. The court erred in overruling defendant Price Meyers Corporation's motion for a directed verdict since the plaintiff failed to make out a prima facie case of negligence.

3. The court erred in refusing to give Instructions Nos. 1, 6 and 8 as tendered by the defendant and in giving Instruction No. 7 as tendered by the plaintiff.

All of the assignments of error, including those relating to the instructions of the court, are ultimately resolved by a consideration of the doctrine of *res ipsa loquitur* and the propriety of its application to the facts of this case. The first and second assignments are meritorious in that the evidence presented on behalf of the plaintiff failed entirely to make a prima facie case against the defendant, Price Meyers Corporation. An examination of the evidence, as noted above, reveals that no attempt was made to show that the defendant was negligent or that any act or omission of said defendant was the proximate cause of the explosion.

It is an elementary principle of law that negligence will not be imputed or presumed. The bare fact of an injury standing alone, without supporting evidence, is not sufficient to justify an inference of negligence. The burden is on the plaintiff to prove by a perponderance of the evidence that the defendant was negligent and that such negligence was the proximate cause of the injury. Thus, "A presumption of negligence does not arise from the mere fact of the explosion of a steam boiler used by one engaged in lawful business. Negligence on his part must be shown." Syllabus No. 2, *Veith v. Salt Co.*, 51 W. Va. 96, 41 S.E. 187 (1902).

Admittedly the plaintiff and the court relied entirely on the doctrine of *res ipsa loquitur* to furnish a presumption of negligence sufficient to submit the case to the jury. This Court, in *Pope v. Edward M. Rude Carrier Corp.*, 138 W. Va. 218, 75 S.E.2d 584 (1953), described that doctrine as follows: "The doctrine of *res ipsa loquitur* is that when a person who is without fault is injured by an instrumentality at the time *within the exclusive control* of another person and the injury is such as in the ordinary course of events does not occur if the person who had control uses due care, the injury is charged to the failure of such other person to exercise due care." (emphasis supplied) So, while there may be circumstances in which that doctrine may be applied to create a presumption of negligence, the application thereof does not dis-

pense with the ultimate requirement that negligence must be proved by him who alleges it in order to establish liability. *Res ipsa loquitur* relates only to the method of proving such negligence. It does not prove negligence but it furnishes a rebuttable presumption of negligence sufficient to permit the jury to find negligence unless the presumption is rebutted. *See, Sutton v. Monongahela Power Co.*, 151 W. Va. 961, 158 S.E.2d 98 (1967); *Mullins v. Baker*, 144 W. Va. 92, 107 S.E.2d 57 (1959); *Mecum v. Food Machinery and Chemical Corporation*, 143 W. Va. 627, 103 S.E.2d 897 (1958); and *Laurent v. United Fuel Gas Co.*, 101 W. Va. 499, 133 S.E. 116 (1926).

Upon consideration of the principles of law contained in the foregoing authorities it is unmistakably clear that the doctrine of *res ipsa loquitur* cannot properly be applied unless the three essentials thereof exist. They are: (1) the instrumentality which causes the injury must be under the exclusive control and management of the defendant; (2) the plaintiff must be without fault; and (3) the injury must be such as in the ordinary course of events it would not have happened had the one in control of the instrumentality used due care.

Applying the above well established principles of law, we are of the firm opinion that the doctrine of *res ipsa loquitur* is not applicable to the facts of this case and that to have permitted its use to the plaintiff to furnish the negligence necessary to make a prima facie case constituted reversible error.

Price Meyers Corporation, the defendant, sold and delivered to B & G Mobile Homes the subject trailer. The latter is a dealer and in no way an agent of the defendant. When delivery of the trailer was made, the defendant relinquished all control thereof. The evidence does not reveal the length of time the trailer was on the lot of B & G, but it does reveal that B & G moved the trailer, installed it on blocks at the plaintiff's lot and connected and tested the water, gas and electrical systems. There was no evidence of negligent design or manufacture of the trailer. Obviously, the defendant did not

have any control over the trailer at the time of the explosion and the court erroneously invoked the doctrine of *res ipsa loquitur.*

The plaintiff asserts that such doctrine was properly applied by the court since "the furnace was, by extension, under the exclusive control of the appellant, Price Meyers Corporation." This assertion is wholly without merit. In the first place there was no evidence that the explosion occurred in the furnace; furthermore, the "sealed package" doctrine, which presumes that a manufactured product in a sealed package remains unchanged from the time it leaves the manufacturer until it is used by the retail purchaser, is clearly not applicable in the circumstances of the instant case.

The defendant's assignments of error relating to the instructions are also well taken. Instruction No. 1, submitted by it, seeking a directed verdict on the ground that the plaintiff failed to make a prima facie case, was refused by the court. As noted above, the plaintiff relied entirely on *res ipsa loquitur* to establish the inference of negligence necessary to take the case to the jury. As this was erroneously permitted and no evidence of negligence on the part of the defendant was offered, the plaintiff did indeed fail to make a prima facie case. Where the material facts as disclosed by the evidence are undisputed and only one inference may be drawn from them by reasonable minds the question of negligence is a question of law for the court. *Giffith v. Wood,* 150 W. Va. 678, 149 S.E.2d 205 (1966). *See also, Davis v. Cross,* 152 W. Va. 540, 164 S.E.2d 899 (1968); *Graham v. Crist,* 146 W. Va. 156, 118 S.E.2d 640 (1961); and *Brake v. Cerra,* 145 W. Va. 76, 112 S.E.2d 466 (1960).

There having been no dispute in the material evidence in the instant case and there having been no proper offer of evidence of negligence so as to establish a prima facie case, the court erred in refusing to direct a verdict.

Instructions Nos. 6 and 8 offered by the defendant and refused by the court would have instructed the jury that the doctrine of *res ipsa loquitur* was not applicable to

the facts of the instant case. Instruction No. 7 offered by the plaintiff and given by the court told the jury that the aforesaid doctrine was applicable. Pursuant to the foregoing discussion of *res ipsa loquitur*, it is clear that the court erred in its ruling on the above instructions.

For the reasons stated herein, the judgment of the Circuit Court of Braxton County is reversed, the verdict of the jury is set aside and the case is remanded for a new trial.

*Reversed and remanded.*