358 S.E.2d 202

**James R. HICKS, et al.**

v.

**S. CHEVY, M.D. and S. Chevathanarat, M.D., Inc.**

**No. 17192.**

Supreme Court of Appeals of West Virginia.

May 20, 1987.

Glyn Dial Ellis, Logan, for appellants.

Edgar A. Poe, Jr., Charleston, for appellees.

PER CURIAM:

This is an appeal from a final order of the Circuit Court of Logan County, entered November 12, 1985, which dismissed, with prejudice, a medical malpractice action brought by the appellants, James R. Hicks and Brenda Sue Wingler Hicks, against the appellees, Dr. S. Chevy and S. Chevathanarat, M.D., Inc.[1] The appellants contend that the lower court erred in granting Dr. Chevy's motion for summary judgment and in refusing to impose sanctions against his attorney for obstructing discovery. We find no reversible error, and we affirm the judgment of the circuit court.

Dr. Chevy is an obstetrician and gynocologist who practices medicine in Man, Logan County. On March 13, 1985, Mr. and Mrs. Hicks instituted a medical malpractice action in the Circuit Court of Logan County, alleging that Dr. Chevy had negligently failed to remove a sponge from Mrs. Hicks' body following surgery. The complaint alleged that as a direct and proximate result of this negligence and of Dr. Chevy's failure to provide proper follow-up care, Mrs. Hicks had suffered severe and permanent injuries. Mrs. Hicks sought to recover damages for physical and mental pain and suffering, both past and future, and for loss of capacity to enjoy life, while Mr. Hicks sought damages for loss of consortium.

On April 8, 1985, Dr. Chevy answered, denying the allegations of negligence. The appellants advised the circuit court that the case was mature and asked that it be set on the docket for the May 1985 term of court. On May 13, 1985 a pretrial conference was conducted at which a schedule for discovery was set. The parties were given until August 1, 1985 to exchange lists of witnesses and summaries of their testimony, and August 15, 1985 was set as the cutoff date for discovery. Trial was set for November 18, 1985.

On August 5, 1985, Dr. Chevy filed a motion for summary judgment on the ground that the appellants had failed to provide the name and summary of testimony of the expert witness who would provide proof of medical negligence and of the required standard of care. In the alternative, Dr. Chevy sought dismissal of the action under Rule 37(b)(2)(C) of the West Virginia Rules of Civil Procedure for the

---

1. S. Chevathanarat, M.D., Inc. is apparently a corporation created by Dr. Chevy for business purposes. Reference in this opinion to Dr. Chevy shall be deemed to include reference to the corporate entity.

appellants' failure to comply with the court's pretrial discovery order.[2]

A hearing was conducted on Dr. Chevy's motion for summary judgment and/or dismissal of the action on August 6, 1985. The court found that the appellants' failure to provide expert testimony to support their allegations of medical malpractice prior to August 1, 1985, violated the pretrial order, but declined to grant the motion, and, instead, ordered a new discovery schedule which specifically required the appellants to furnish the name of their expert witness and a summary of his or her testimony to Dr. Chevy's attorney by September 1, 1985. Trial was rescheduled for December 18, 1985.

On August 20, 1985, counsel for the appellants provided Dr. Chevy's attorney with the name of an expert witness, but furnished no summary of his testimony. On September 10, 1985, Dr. Chevy renewed his motion for summary judgment and/or dismissal of the cause of action. A hearing on this motion was set for September 26, 1985, but was subsequently continued until October 7, 1985 at the request of counsel for the appellants.

On October 1, 1985, the appellants provided Dr. Chevy's attorney with a copy of a letter written by their expert witness, Dr. Arthur H. Lester, in which Dr. Lester concluded that there was no negligence on the part of Dr. Chevy which could have resulted in the injuries for which the appellants sought damages. Dr. Chevy promptly filed an addendum to his motion for summary judgment asserting that in view of Dr. Lester's report, there was no genuine issue of fact warranting trial on the merits. On October 7, 1985, the appellants filed a response to Dr. Chevy's motion for summary judgment and/or dismissal of the action, asserting that expert testimony was not required in this case and that they needed more time to develop their evidence.

At a hearing conducted later that day, the circuit court granted Dr. Chevy's motion to dismiss under Rule 37(b)(2)(C) on the ground that the appellants had failed to produce an expert witness and summary of his testimony as required by the orders of the court. The court noted that it had extended the schedule for discovery considerably in order to allow the appellants time to develop their testimony and that the appellants had never objected to a lack of time to prepare their evidence prior to the October 7 hearing. The court further found that the expert testimony, once produced, did not demonstrate that Mrs. Hicks' injuries occurred as a result of Dr. Chevy's negligence. The court held that there being questionable evidence of negligence and no evidence of damages as a result thereof, Dr. Chevy was entitled to summary judgment. The findings and conclusions of the circuit court were reflected in an order entered November 12, 1985.

The appellant's principal assignment of error is that the circuit court erred in granting the motion for summary judgment.[3] " 'A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Point 3, Syllabus, *Aetna Casualty and Surety Co. v. Federal Ins. Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus point 1, *Board of Education v. Van Buren and Firestone Architects, Inc.*, 165 W.Va. 140, 267 S.E.2d 440 (1980). Summary judgment is viewed with suspicion, and, on appeal, the facts are to be construed in the light most favorable to the

---

**2.** Rule 37(b)(2) provides, in pertinent part:

If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

\* \* \* \* \* . \*

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party....

**3.** In this appeal, the appellants do not challenge the circuit court's dismissal of the action under Rule 37. Accordingly, any error therein must be deemed to have been waived and will not be considered by this Court. *See, e.g., Addair v. Bryant*, 168 W.Va. 306, 284 S.E.2d 374 (1981).

party opposing the motion. *Masinter v. WEBCO Co.*, 164 W.Va. 241, 262 S.E.2d 433 (1980); *Burns v. Cities Service Co.*, 158 W.Va. 1059, 217 S.E.2d 56 (1975).

Taken in this light, the evidence before the circuit court showed that Mrs. Hicks first consulted Dr. Chevy in January 1985 for pain resulting from an ovarian cyst. On January 29, 1985, Dr. Chevy performed surgery on Ms. Hicks and removed her left ovary and fallopian tube through an abdominal incision. At the same time, Dr. Chevy cauterized a cyst in Ms. Hicks' cervix through her vagina. Mrs. Hicks was released from the hospital on February 1, 1985, and exhibited no unusual post-operative difficulties until February 18, 1985, when she experienced a sudden onset of severe pain and extracted a gauze sponge measuring approximately three inches by four inches from her vagina. The following day, Mrs. Hicks returned to Dr. Chevy's office with the sponge, although she made no complaints of pain at that time. Dr. Chevy examined Mrs. Hicks, advised her that there were no signs of infection and asked her to return in six months. Thereafter, Mrs. Hicks developed an infection and was required to undergo further surgery for incisional hernias.

In his deposition, Dr. Chevy testified that a count of the number of surgical sponges used during Mrs. Hicks' surgery was kept by other operating room personnel and that no discrepancy in the number of sponges removed from her body was reported at that time. Dr. Chevy further testified that it was impossible for a sponge left in the body at the site of the abdominal incision to have migrated through the patient's vagina. Dr. Lester, the appellants' expert, agreed with this assertion. Dr. Lester further stated that a sponge could have been left in the patient's cervix following the cauterization of the cyst, but concluded that in such circumstances, the sponge could not have caused the problems subsequently experienced by Mrs. Hicks. Dr. Lester concluded that Mrs. Hicks' post-operative infection was probably due to a urinary infection, noting that the lapse of time between the removal of the sponge and the onset of Mrs. Hicks' symptoms was

too great to implicate the sponge as the cause. Dr. Lester also concluded that the development of the incisional hernia was not the result of negligence or of an intravaginal sponge, but rather was due to a thickening and weakening of the tissue resulting from prior surgeries.

■ In view of this evidence, we cannot say that the lower court erred in ruling that Dr. Chevy met his burden of showing the absence of any genuine issue of material fact which would necessitate a trial on the merits. In medical malpractice actions, the plaintiff must show that the defendant-physician was guilty of a want of professional skill or of negligence which resulted in injury to the plaintiff. *Hinkle v. Martin*, 163 W.Va. 482, 256 S.E.2d 768 (1979); *Hundley v. Martinez*, 151 W.Va. 977, 158 S.E.2d 159 (1967); *Schroeder v. Adkins*, 149 W.Va. 400, 141 S.E.2d 352 (1965); *White v. Moore*, 134 W.Va. 806, 62 S.E.2d 122 (1950). " 'It is the general rule that in medical malpractice cases negligence or want of professional skill can be proved only by expert witnesses.' Point 2, Syllabus, *Roberts v. Gale*, 149 W.Va. 166, 139 S.E.2d 272 (1964)." Syllabus point 2, *Hinkle v. Martin, supra*. Proof that the negligence or want of professional skill was the proximate cause of the injury of which the plaintiff complains must ordinarily be by expert testimony as well. *Fitzgerald v. Manning*, 679 F.2d 341 (4th Cir.1982). *See also Totten v. Adongay*, 175 W.Va. 634, 337 S.E.2d 2 (1985); *Roberts v. Gale, supra*.

We think it is clear that the appellants here failed to produce the evidence essential to their case. Dr. Chevy sought summary judgment on the ground that there was no expert evidence showing that Mrs. Hicks' injuries were the result of any negligence or want of professional skill on his part. The appellants produced no evidence, expert or otherwise, to refute this assertion.

"Under the provisions of Rule 56 of the West Virginia Rules of Civil Procedure, when the moving party presents depositions, interrogatories, affidavits or

otherwise indicates there is no genuine issue as to any material fact, the resisting party to avoid summary judgment must present some evidence that the facts are in dispute." Syl. pt. 2, *Guthrie v. Northwestern Mutual Life Insurance Co.*, 158 W.Va. 1, 208 S.E.2d 60 (1974). Syllabus point 6, *McCullough Oil, Inc. v. Rezek*, 176 W.Va. 638, 346 S.E.2d 788 (1986). In the absence of any evidence that the injuries for which the appellants sought to recover were the direct and proximate result of any negligence or want of skill on the part of Dr. Chevy, there was no genuine issue of fact which warranted trial on the merits. Accordingly, we are unable to say that the lower court erred in granting the motion for summary judgment.

■ The appellants also contend that the circuit court erred in refusing to order sanctions against Dr. Chevy's counsel for failure to grant discovery under Rule 37. The appellants contended below that counsel for Dr. Chevy physically prevented counsel for the appellants from deposing Dr. Chevy in August 1985. Counsel for Dr. Chevy vigorously disputed this allegation and, in turn, accused counsel for the appellants of obstructing the discovery process. The circuit court found that the allegations arose out of a clash of personalities and wisely declined to impose sanctions on either attorney. In view of the conflicting evidence and of the fact that the appellants were subsequently able to take Dr. Chevy's deposition, we find no abuse of discretion which would warrant reversal of the judgment on this ground. *See Bell v. Inland Mutual Ins. Co.*, 175 W.Va. 165, 332 S.E.2d 127, *cert. denied sub nom Camden Fire Ins. Ass'n v. Justice*, 474 U.S. 936, 106 S.Ct. 299, 88 L.Ed.2d 277 (1985).

For the reasons previously stated we find no reversible error, and we affirm the judgment of the Circuit Court of Logan County.

Affirmed.