402 S.E.2d 263

Thomas BRONZ

v.

ST. JUDE'S HOSPITAL CLINIC, a Corporation; Dover Elevator Company, a Corporation; and Sheppard Warner Elevator Company, Inc., a Corporation.

No. 19545.

Supreme Court of Appeals of West Virginia.

Feb. 25, 1991.

Bernard L. Spaulding, Logan, for Thomas Bronz.

Michael Esposito, Esposito & Esposito, Logan, for St. Jude's Hosp. Clinic, Inc.

Shawn P. George, Jackson & Kelly, Charleston, for Dover Elevator Co. and Sheppard Warner Elevator Co., Inc.

BROTHERTON, Justice:

This case involves an appeal by Thomas Bronz, the appellant, from the March 3, 1989, summary judgment order of the Circuit Court of Logan County, which ruled that the plaintiff in the case below failed to prove that a genuine issue of material fact existed against Dover Elevator, the appellee in this case.

The appellant was employed as a maintenance supervisor for St. Jude's Hospital Clinic. While buffing the floors at St. Jude's, the appellant pushed the button for the elevator in order to move to another floor. When the doors opened, the appellant backed into the opening without looking, pulling the buffer. For some reason, the elevator was not there, and the appellant fell, with the buffer, to the next floor. On November 2, 1984, he filed suit against St. Jude's asserting a cause of action under *Mandolidis*[1] and claiming negligence against the manufacturer and installer of the elevator, Sheppard Warner Elevator Company, Inc., and against Dover Elevator Company, a company which provided periodic maintenance of the elevator.[2]

Several years intervened between the filing of the action and the trial which was scheduled to begin on December 6, 1988. On November 17, 1988, Dover moved for summary judgment, stating that no evidence had been introduced which established that Dover's maintenance of the elevator was in any way negligent or, even if it was, that the negligence was the proximate cause of the plaintiff's injury. On December 1, 1988, the trial court denied Dover's motion and gave the plaintiff additional time to present evidence of Dover's fault. However, on December 6, 1988, the date set for trial, Dover renewed its motion for summary judgment. At that time, the plaintiff below still had not filed or produced any affidavits, evidence, or proof to controvert the summary judgment motion. Thus, Judge O'Briant granted Dover's motion for summary judgment.

By order dated March 3, 1989, Judge O'Briant concluded that:

1. To avoid summary judgment, the plaintiff has the burden of producing evidence establishing a genuine issue of material fact. *Haddox v. Suburban Lanes, Inc.*, 176 W.Va. 744, 349 S.E.2d 910 (1986); *McCullough Oil, Inc. v. Rezek*, 176 W.Va. 638, 346 S.E.2d 788 (W.Va. 1986).

2. Plaintiff's complaint against Dover sounds in negligence. Therefore, plaintiff must introduce evidence that suggests or demonstrates that Dover had a duty of reasonable care to the plaintiff, which Dover failed to meet, and that this failure proximately caused or contributed to the accident, injuries and damages of which he complains.

3. Plaintiff's failure to produce any evidence to demonstrate that Dover had a duty of care to him, which it breached, which proximately caused or contributed to the accident, injuries and damages of which he complains, is fatal to the plaintiff's allegations against Dover.

4. This is not a *res ipsa loquitur* case because Dover did not have exclusive control and management of the elevator. *Royal Furniture Company v. The City of Morgantown*, [164 W.Va. 400] 263 S.E.2d 878 (W.Va.1980).

This proceeding is Mr. Bronz' appeal from the final order of the Circuit Court of Logan County granting Dover's motion for summary judgment.

■ The doctrine of *res ipsa loquitur* was described in *Royal Furniture Co. v. The City of Morgantown*, 164 W.Va. 400, 263 S.E.2d 878 (1980). In *Royal Furniture*, the Court notes that *res ipsa loquitur* primarily deals with the issue of control by the defendant of the thing which causes the injury. The Court explained that:

[t]he mere occurrence of an injury or damage to property does not give rise to a presumption of negligence on the part of anyone. However, under the doctrine of *res ipsa loquitur*, which means literally that the thing or transaction speaks for itself, the facts or circumstances accompanying an injury or damage may be such as to raise a presumption or permit an inference of negligence on the part of the defendant.

*Id.*, 164 W.Va. at 403–404, 263 S.E.2d at 881. Consequently:

[b]efore the doctrine of *res ipsa loquitur* is applicable three essentials must exist:

---

**1.** *Mandolidis v. Elkins Industries, Inc.*, 161 W.Va. 695, 246 S.E.2d 907 (1978).

**2.** The appellant never obtained proper service on Sheppard Warner and thus, Sheppard Warner has never been a party to the action.

(1) the instrumentality which causes the injury or damage must be under the exclusive control and management of the person charged with the negligence; (2) the plaintiff must be without fault; and (3) the injury or damage must be such that in the ordinary course of events it would not have happened had the one in control of the instrumentality used due care.

*Id.* at syl. pt. 2.[3]

The appellant urges this Court to adopt the concept of "joint exclusive control" as proof, both of the first element of *res ipsa loquitur* and to avoid summary judgment, contending that both Dover and St. Jude's had exclusive control. The theory of shared joint control was discussed in 65A C.J.S., *Negligence* § 220.15(d) (1966):

> The term "exclusive," when used to define the quantity of the possession, control, or management by defendant of the injurious agency, required to render the res ipsa loquitur doctrine applicable is not employed in the sense that such possession, control, or management must be several and defendant singular and never plural. What is meant by the term is that the possession, control, or management *must be exclusive against all who do not have a concurrent joint possession, control, or management* in fact, either as joint actors, possessors, or users in respect of the injurious agency, or by way of representation. (Emphasis added.)

Under this theory, the appellant still must show exclusive control between the two joint parties against all others who do not have control. However, the treatise also notes that in some jurisdictions, "[t]he doctrine is likewise inapplicable where the injuring agency is partly or entirely under the control or management of the plaintiff, unless the plaintiff clearly establishes that he was in no manner negligent in his control...." *Id.* at § 220.15(a).

In syllabus point 3 of *Walton v. Given*, 158 W.Va. 897, 215 S.E.2d 647 (1975), this Court reiterated that:

> "The doctrine of *res ipsa loquitur* cannot be invoked if the defendant does not have control or management of the premises or operations where the accident occurred; or where there is divided responsibility, and the unexplained accident may have been the result of causes over which defendant had no control." Point 1, Syllabus, *Laurent v. United Fuel Gas Co.*, 101 W.Va. 499, 133 S.E. 116.

This statement suggests that *res ipsa loquitur* can be invoked where "divided responsibility" exists, if it can be shown that there were no other actions which would contribute to the accident other than the action of the defendant.

A number of jurisdictions have recognized that in automatic elevator cases, both the owner and the maintenance contractor may have control over the elevator and be subject to a *res ipsa loquitur* theory. For example, in *Gilbert v. Korvette's, Inc.*, 457 Pa. 602, 613–615, 327 A.2d 94, 101–02 (1974), the Pennsylvania Supreme Court discussed the control feature as follows:

> The Restatement rule, however, disavows the requirement of exclusive control. A party's negligence may be inferred when "other responsible causes ... are sufficiently eliminated by the evidence." Restatement (Second) of Torts § 328(D)(1)(b) (1965). Exclusive control may eliminate other causes, but the critical inquiry is not control but whether a particular defendant is the *responsible cause* of the injury. Responsibility, of course, may be shared by two or more defendants. See W. Prosser, Handbook of the Law of Torts § 39, at 221 (4th ed. 1971). Consequently, if *responsibility* is vested in and shared by two or more parties, each may be subjected to liability under the rule we adopt. See Restatement (Second) of Torts § 328D, comment g, illustration 8 (1965); Annot., 38 A.L.R.2d 905 (1954); 58 Am.Jur.2d Negli-

---

**3.** *See also Frye v. McCrory Stores Corp.,* 144 W.Va. 123, 107 S.E.2d 378 (1959); *Walton v.*     *Given,* 158 W.Va. 897, 215 S.E.2d 647 (1975).

gence § 503 (1971). (Footnotes omitted).[4]

The Kansas Supreme Court in *Bias v. Montgomery Elevator Co. of Kansas, Inc.,* 216 Kan. 341, 532 P.2d 1053 (1975), after stating their doctrine of *res ipsa loquitur,*[5] which is similar to ours, went on to discuss the exclusive control feature:

> As to the nature of the requisite control, it has been held that the word "exclusive" does not connote that such control must be individual and the defendant singular. (*Hillas v. Westinghouse Electric Corp.,* 120 N.J.Super. 105, 293 A.2d 419 [(1972)].) In fact, it is well settled in this state that the doctrine of *res ipsa loquitur* is applicable to multiple defendants. (*Worden v. Union Gas System,* [182 Kan. 686, 324 P.2d 501 (1958)]; *Nichols v. Nold,* 174 Kan. 613, 258 P.2d 317, 38 A.L.R.2d 887 [(1953)].)

> According to Prosser, Torts, 4th Ed., § 39, p. 211, in order to establish exclusive control it is not necessary for the plaintiff to eliminate all other possible causes of the accident. All that is required is that the plaintiff produce sufficient evidence from which a reasonable man could say that on the whole it was more likely than not there was negligence on the part of the defendant. If the evidence establishes that it was at least equally probable the negligence was that of another, the court should refuse to submit to the jury the negligence of the defendant on the theory of *res ipsa loquitur.* 216 Kan. at 343–44, 532 P.2d at 1056.

*See also Commercial Union Ins. Co. v. Street,* 327 So.2d 113 (Fla.App.1976); *American Elevator Co. v. Briscoe,* 93 Nev. 665, 572 P.2d 534 (1977); *Bond v. Otis Elevator Co.,* 388 S.W.2d 681 (Tex.1965). We believe this law is not inconsistent with our *res ipsa loquitur* doctrine.

However, as the Kansas court in *Bias* pointed out, where there is divided control over the instrumentality causing the injury, the plaintiff is required to introduce "evidence from which it is reasonable to infer that more likely than not the cause of the fall was one for which the defendant was responsible," as distinguished from the other control parties. 216 Kan. at 346, 532 P.2d at 1058.

Here, there were three parties who could be deemed to have some control over the elevator such that their negligence or failure to act might have contributed to the accident: St. Jude's, which owned the elevator; Sheppard Warner Elevator Company, Inc., which designed and installed the elevator; and Dover, which had the maintenance contract.[6] The plaintiff made no at-

---

**4.** *Gilbert* involved an escalator rather than an elevator, but the basic negligence principles are the same.

**5.** Syllabus point 1 of *Bias* states:

> Essential to the application of the doctrine of *res ipsa loquitur* is that (1) It must be shown that the thing or instrumentality causing the injury or damage was within the exclusive control of the defendant; (2) the occurrence must be of such kind or nature as ordinarily does not occur in the absence of someone's negligence; and (3) the occurrence must not have been due to contributory negligence of the plaintiff.

**6.** Dover Elevator's contract with St. Jude's Hospital provided:

> the labor necessary for the making of one (1) examination per month of the elevator, including cleaning and oiling machine, motor, interlocks and controller; greasing or oiling of guides, minor adjustments disclosed as reasonably necessary at the time of the regular examinations, and furnishing the necessary lubricants, rope, preservatives and wiping cloths.

The contract also stated:

> The parties hereto recognize that elevators are mechanical and electrical devices and, like any such devices, in normal operation and with passage of time, are subject to wear and tear, deterioration and possible malfunction through use, fatigue, corrosion, dust, abuse, etc.

> This service is not intended as a guarantee against failure or malfunction at anytime. Its purpose is to reduce wear and prolong the useful life of moving parts through proper lubrication; and to call the purchaser's attention to repairs needed, in the opinion of the Company, to correct existing malfunctions or potential malfunctions where such can be determined by visual and ordinary examination methods offered of this type service; and to be on call to make such repairs as the purchaser may order if and when malfunction or failure should occur. No liability for the use, operation, management or control of said elevators is assumed by the Company.

tempt either to exclude the probability that St. Jude's or Sheppard Warner caused the accident or, more importantly, to establish that Dover, under its maintenance contract, was probably responsible for the injuries. The plaintiff undertook no discovery as to St. Jude's or Sheppard Warner. His counsel appears to concede the trial court's finding that, at the time of summary judgment, there was nothing presented as to how or why the accident occurred or that Dover's acts or failure to act proximately caused or contributed to the accident.

█ *Res ipsa loquitur* is not available when divided control exists unless it is established either that the control of the responsible party caused the accident or that other parties having control were not responsible. However, if no evidence is presented on this issue, summary judgment may be appropriate.

█ "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law."[7] Syllabus point 3, *Aetna Casualty & Surety Co. v. Federal Ins. Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963). In this case, the mere occurrence of the plaintiff's fall does not raise an inference of negligence on the part of the defendant below, nor does it avoid the summary judgment hurdle. In making general allegations of fault, stated without support, a party cannot avoid summary judgment merely because *res ipsa loquitur* is invoked. While we acknowledge the appellant's argument that joint exclusive control of the instrumentality which caused the

injury could be adopted as a method of proving the second element of *res ipsa loquitur,* the plaintiff must still produce evidence to establish the existence of a genuine issue of material fact in order for a *res ipsa loquitur* case to survive, regardless if the control is joint or single.[8] In syllabus point 2 of *Guthrie v. Northwestern Mutual Life Ins. Co.,* 158 W.Va. 1, 208 S.E.2d 60 (1974), this Court stated that:

> Under the provisions of Rule 56 of the West Virginia Rules of Civil Procedure, when the moving party presents depositions, interrogatories, affidavits or otherwise indicates there is no genuine issue as to any material fact, the resisting party to avoid summary judgment must present some evidence that the facts are in dispute.

*See also* syl. pt. 5, *McCullough Oil, Inc. v. Rezek,* 176 W.Va. 638, 346 S.E.2d 788 (1986).

█ We conclude that the plaintiff below failed to present sufficient evidence to avoid summary judgment. The fact that a party invokes *res ipsa loquitur* does not mean that no proof is necessary for purposes of a motion for summary judgment. There still must be some facts presented and the three prong *res ipsa loquitur* test must still be satisfied. Here, the appellant failed to provide sufficient evidence that a genuine issue of material fact exists, and thus, summary judgment was proper.

Affirmed.

---

7. Rule 56(c) of the West Virginia Rules of Civil Procedure provides:

> Summary Judgment. (c) *Motion and proceedings thereon.*—The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that *there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.* A summary judgment, interlocutory in character, may be

rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. (Emphasis added.)

8. In *Haddox v. Suburban Lanes, Inc.,* 176 W.Va. 744, 349 S.E.2d 910 (1986), this Court affirmed a summary judgment ruling, noting that the plaintiffs below resisted the summary judgment motion by argument only. For a more extensive discussion of the burdens of persuasion and of production of evidence in the context of a motion for summary judgment, *see Smith v. Buege,* 182 W.Va. 204, 387 S.E.2d 109 (1989), and *Crain v. Lightner,* 178 W.Va. 765, 364 S.E.2d 778 (1987).