425 S.E.2d 191

**Margaret J. BAXTER, Plaintiff Below, Appellee,**

**v.**

**CRAMCO, INC., Alton D. Shawver, and Lillian P. Shawver, Defendants Below,**

**Alton D. Shawver, Appellant.**

**No. 20923.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 22, 1992.

Decided Dec. 16, 1992.

Brian M. Kneafsey, Jr., Hunt & Wilson, Charleston, for appellee.

William E. Mohler, Charleston, for appellant.

PER CURIAM:

This personal injury case is before us on appeal from the Circuit Court of Kanawha County. The appellant, Alton D. Shawver, was a defendant in the suit brought by Margaret Baxter against Mr. Shawver, his wife (who has since died), and Cramco, Inc., a manufacturer of dinette sets, for injuries she received when a chair in which she was sitting broke. The jury found that Mr. Shawver's negligence proximately caused Ms. Baxter's injuries, and that neither Ms. Baxter nor Cramco, Inc., were negligent. Mr. Shawver asks us to set aside the jury verdict.

Ms. Baxter was employed in the Shawvers' home, beginning in September of 1986, primarily as a caretaker for Mrs. Shawver, who had suffered a stroke. Her duties included preparing meals for the couple and feeding Mrs. Shawver. On May 6, 1987, the date of the accident, Ms. Baxter had seated Mrs. Shawver in a chair at the kitchen table. Ms. Baxter was seated in another chair which was part of the same dinette set. The telephone rang and Ms. Baxter reached back to answer it. As she did so, the chair apparently collapsed and Ms. Baxter fell. She was knocked unconscious briefly and, when she regained consciousness, found that she was pinned between the chair and the wall. The Shawvers' niece, with whom Ms. Baxter had been speaking on the telephone, suggested that Ms. Baxter go to the hospital. Ms. Baxter, however, worked until later that afternoon, then went to see her physician. Since the accident, she has suffered back pain and has been unable to work.

Ms. Baxter brought this civil action in the Circuit Court of Kanawha County, alleging negligence on the part of Cramco, Inc., the manufacturer of the chair, and the

Shawvers.[1]  At trial, the jury found no negligence on the part of Ms. Baxter or Cramco.  They did, however, find that Mr. Shawver's negligence was a proximate cause of the accident and awarded Ms. Baxter damages in the amount of $63,-356.86.

Mr. Shawver appeals, arguing that the case should not have gone to the jury with plaintiff's *res ipsa loquitur* instruction[2] to which the defendant had objected.  We agree, and remand the case to the circuit court.

■  Plaintiff's Instruction No. 17 on *res ipsa loquitur* accurately enunciated our law, as stated in Syllabus Point 2 of *Royal Furniture Co. v. Morgantown*, 164 W.Va. 400, 263 S.E.2d 878 (1980):

"Before the doctrine of *res ipsa loquitur* is applicable, three essentials must exist:  (1) the instrumentality which causes the injury must be under the exclusive control and management of the defendant;  (2) the plaintiff must be without fault;  and, (3) the injury must be such that in the ordinary course of events it would not have happened had the one in control of the instrumentality used due care."

■  The problem lies, however, not in the content of the instruction, but in the application of the doctrine to this case.  It is well settled law that to be held responsible under a *res ipsa loquitur* theory, the defendant must have had control over the instrumentality of the accident.  As we stated in Syllabus Point 2 of *Bronz v. St. Jude's Hospital Clinic*, 184 W.Va. 594, 402 S.E.2d 263 (1991):

" ' "The doctrine of *res ipsa loquitur* cannot be invoked if the defendant does not have control or management of the premises or operations where the accident occurred;  or where there is divided responsibility, and the unexplained accident may have been the result of causes over which defendant had no control." Point 1, Syllabus, *Laurent v. United Fuel Gas Co.*, 101 W.Va. 499, 133 S.E. 116.'  Syllabus point 3, *Walton v. Given*, 158 W.Va. 897, 215 S.E.2d 647 (1975)."

■  In this case, Ms. Baxter did not sufficiently establish that Mr. Shawver had exclusive control over the chair.  The situation was apparently one of divided control.  The Shawvers purchased the dinette set and used it in their home.  There is no evidence regarding which of them, Mr. or Mrs. Shawver, had primary responsibility for the maintenance of the chairs.  There is evidence that the chair had been taken apart and rewelded.  There is no evidence, however, regarding who authorized or performed the repairs.

■  We sought to further clarify this issue of divided control in a *res ipsa loquitur* case in Syllabus Point 5 of *Bronz*:

"*Res ipsa loquitur* is not available when divided control exists unless it is established either that the control of the responsible party caused the accident or that other parties having control were not responsible.  However, if no evidence is presented on this issue, summary judgment may be appropriate."

While *Bronz* involved a summary judgment issue, its principles are applicable to the evidence necessary to invoke the doctrine at trial.  Because the jury verdict was based on the theory of *res ipsa loquitur*, which was improperly applied, we remand

---

1.  Upon her death, Mrs. Shawver was dismissed a party defendant, and no substitution of her estate was made.

2.  Plaintiff's Instruction No. 17, as given, reads:

"In ordinary cases the mere fact that an accident happened does not furnish evidence that it was caused by any person's negligence and the plaintiff must point to some negligent act or omission on the part of the defendant Shawver.

"However, if you find that:

"1.  The means of instrumentality causing the accident was under the exclusive control of the defendant Shawver;  and

"2.  The accident was not due to any voluntary action or contribution on the part of the plaintiff which was the responsible cause of the injury;  and

"3.  An accident has occurred which normally would not have occurred if the defendant Shawver had used ordinary care; then you may find that the accident and ensuing injury were caused by the negligence of the defendant Shawver."

the case to the circuit court for further proceedings consistent with this opinion.

Remanded.