457 S.E.2d 127

**I.V. CUNNINGHAM and Joyce Cunningham, Plaintiffs Below, Appellants,**

v.

**WEST VIRGINIA–AMERICAN WATER COMPANY and The City of Charleston, Defendants Below, Appellees.**

No. 22288.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 18, 1995.

Decided March 24, 1995.

J. Randolph Query, Charleston, for the appellants.

David F. Nelson, Shuman, Annand & Poe, Charleston, for WV–American Water.

Joanna I. Tabit, Steptoe & Johnson, Charleston, for City of Charleston.

PER CURIAM:

This is an appeal by I.V. and Joyce Cunningham (hereinafter "the Appellants") from a November 12, 1993, order of the Circuit Court of Kanawha County granting summary judgment to the Appellee, West Virginia–American Water Company (hereinafter "the Appellee" or "the Water Company"). The Appellants contend that genuine issues of material fact exist and that the lower court erred by granting summary judgment. We agree with the Appellants' contentions and reverse the decision of the lower court.

## I.

The Appellants filed a civil action against the Appellee on April 23, 1991, alleging that the Appellee's failure to adequately install and maintain a water main located behind the Appellants' home caused the rupture of

the water main on July 20, 1990, and allowed several thousand gallons of water to escape onto the Appellants' property.[1]

Approximately four years prior to the rupture of the water main, the Appellants had experienced an unexplained separation of their private water service line from the Water Company's main line. For some time prior to the major break in July 1990, the Appellants had also noticed an increase in the amount of moisture in their yard, including the unusual presence of sporadic patches of green grass when the remainder of the yard was brown from dry weather. Further, they noticed slippage of the hillside near the water main, cracking and settlement of the road surface above the water main, and progressive quantities of water in their basement and water pressure against the outside walls of the basement. In an effort to remedy the basement leakage problems, the Appellants hired a contractor, Mr. Thomas Parker, to install a drainage system along the side and rear foundation of the home. Mr. Parker began his excavation on July 16, 1990, four days prior to the water main rupture.

The Water Company moved for summary judgment on September 13, 1993, based upon the affidavit of Mr. Thomas E. Kirk, a licensed professional engineer.[2] Mr. Kirk opined that Mr. Parker's removal of the support at the foundation of the Appellants' residence "contributed to the movement of the earth which surrounded and supported the West Virginia American Water Company water main."

In a September 24, 1993, response to the Appellee's motion for summary judgment, the Appellants maintained that Mr. Kirk's affidavit was insufficient to address the issues in the case. The Water Company thereafter submitted a second affidavit from Mr. Kirk, and an affidavit from Mr. Harold Franck, another licensed professional engineer. In Mr. Kirk's second affidavit, a minor but very consequential alteration was made in Mr. Kirk's descriptive language regarding the effect of the trench excavation on the water main. Having previously concluded that the digging had "contributed" to the movement of the ground supporting the water main, Mr. Kirk's second affidavit states that the digging "caused" the movement of the earth supporting the water main. Similarly, Mr. Franck opined that the water main showed no signs of "aging, fatigue, or deterioration prior to failure" and that the Appellants' own action of directing the removal of soil near their home created an external force upon the water main.

The lower court, by order dated September 29, 1993, granted the Water Company's motion for summary judgment.[3] The Appellants filed a motion for relief from judgment under Rule 60(b) of the West Virginia Rules of Civil Procedure, contesting the lower court's ruling that the doctrine of *res ipsa loquitur* was inapplicable and asserting that they could prevail on their negligence claim even without reliance on that doctrine. On October 7, 1993, the lower court heard oral argument concerning the Rule 60(b) motion and permitted the Appellants to respond to the additional affidavits filed by the Water Company. In their responsive affidavits, the Appellants and their contractor, Mr. Parker, explained that unusual ground movement had been evident near the water main for several months prior to the failure of the water main, that the Appellants' water service had been

---

1. Although the Appellants attempted to institute a civil action against both the Water Company and the City of Charleston, the City was not served with the complaint. However, the City was later brought into the action by the Water Company through a third-party complaint. The Water Company alleged that the City had failed to maintain the roadway and that the resulting erosion caused the failure of the water main.

2. Prior to the Water Company's motion for summary judgment, the Appellants had identified several witnesses with alleged knowledge of the facts of the case, but had failed to identify any expert witnesses who would testify that the failure of the water main was caused by any negligence of the Water Company.

3. Noting that the Appellants relied upon the doctrine of *res ipsa loquitur* to establish liability of the Water Company, the lower court explained that such doctrine requires proof that the instrumentality which caused the injury was under the exclusive control of the defendant. The lower court reasoned that because the Water Company did not have "exclusive control" of the movement of the ground above and below its water main, the doctrine was inapplicable.

separated from the water main due to ground slippage four years prior to the failure of the water main, and that the road surface above the water main had cracked and settled. The contractor also explained that the trench around the foundation had not yet been completed at the time of the rupture, stated that he had placed supportive braces around the excavation, and observed that there was no evidence of earth movement toward the trench or the house after the failure of the water main.

By order dated November 12, 1993, the lower court denied the Appellants' Rule 60(b) motion, granted the Water Company's motion for summary judgment, and granted a separate summary judgment motion by the City. The lower court held that the Appellants' affidavits failed to demonstrate a genuine issue of material fact and restated that the doctrine of *res ipsa loquitur* was not applicable because the Water Company did not have exclusive control over the instrumentality of the water main.

In their appeal to this Court, the Appellants contend that genuine issues of material fact regarding the cause of the water main failure exist and preclude summary judgment. The Appellants also contend that the doctrine of *res ipsa loquitur* applies and necessitates recovery by the Appellants.

## II.

■ We have consistently held that summary judgment is an appropriate mechanism for the prompt resolution of controversies only where there is no real dispute as to the salient facts involved or where only a question of law exists. *See Oakes v. Monongahela Power Co.*, 158 W.Va. 18, 21, 207 S.E.2d 191, 194 (1974). In syllabus point one of *Perlick & Company v. Lakeview Creditor's Trustee Committee*, 171 W.Va. 195, 298 S.E.2d 228 (1982), we explained the following:

'A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syl. pt. 1, *Karnell v. Nutting*, [166] W.Va. [269], 273 S.E.2d 93 (1980) citing syl. pt. 3, *Aetna Casualty and Surety Company v.*

*Federal Insurance Company of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

■ We have traditionally adopted a conservative stance toward the use of summary judgment, reasoning that "[a] party is not entitled to summary judgment unless the facts established show a right to judgment with such clarity as to leave no room for controversy and show affirmatively that the adverse party cannot prevail under any circumstances." *Aetna · Casualty & Sur. Co.*, 148 W.Va. at 171, 133 S.E.2d at 777 (citing 3 Barron and Holtzoff, *Federal Practice and Procedure*, Rules Edition, § 1234); *see Wheeling Kitchen Equip. Co. v. R. & R. Sewing Ctr., Inc.*, 154 W.Va. 715, 719, 179 S.E.2d 587, 590 (1971). We also stated in syllabus point one of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994) that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Clarifying the responsibility of the circuit court in this matter, we explained in syllabus point three of *Painter* that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." *Id.* at 190, 451 S.E.2d at 756. Furthermore, in reviewing a lower court's determination regarding summary judgment, we must construe the facts in a light most favorable to the party against whom summary judgment was granted. *Alpine Property Owners Ass'n, Inc. v. Mountaintop Dev. Co.*, 179 W.Va. 12, 17, 365 S.E.2d 57, 62 (1987) (quoting *Masinter v. WEBCO Co.*, 164 W.Va. 241, 242, 262 S.E.2d 433, 435 (1980)).

In the present case, affidavits submitted by the parties establish, without contradiction, that a water main near the home of the Appellants ruptured and caused extensive damage to the Appellants' property. Affidavits further establish that the Appellants were in the process of excavating an area near their home, that the Appellants had experienced previous problems with the water line connecting their home to the main line, that the Appellants had noticed unusual moisture on their property, and that the roadway above the water main had deteriorated.

However, the central determinative issue of causation of the water main failure is disputed. The Water Company contends that the Appellants' digging of a trench at the base of their foundation caused slippage of the earth and resulted in the removal of support of the water main. The Appellants contend that the trench did not contribute to the failure of the water main and that the Water Company failed to properly maintain the line.[4]

▆▆▆▆ The Appellants contend that these diametrically opposing allegations concerning the causation issue create a genuine issue of material fact requiring jury resolution. Indeed, causation is a factual issue, and its determination in this matter depends upon the resolution of such questions as whether the ground surrounding the line shifted in response to the Appellants' excavation activity and whether the Water Company should have been on notice that the water main was in jeopardy based upon earlier problems. In response to the Water Company's motion for summary judgment, the Appellants filed affidavits which disputed the assertions made in the Water Company's affidavits. As the Water Company emphasizes, the Appellants submitted no expert opinion regarding causation. However, while we agree that the Appellants could certainly have enhanced their position by the presentation of additional evidence, lay or expert, regarding the precise manner in which the Water Company was allegedly negligent, we have never held that a respondent must, in order to defeat a motion for summary judgment, submit affidavits of an expert.[5] Neither have we required the respondent to prove his entire case within the confines of his affidavits. The exclusive requirement is the establishment of a genuine issue of material fact. Where that exists, summary judgment is inappropriate.

We conclude that the affidavits submitted by the parties to this action established a genuine issue of material fact requiring resolution by a jury. We therefore reverse the lower court insofar as it granted summary judgment to the Water Company.

## III.

▆▆▆▆ The Appellants also contend that the doctrine of *res ipsa loquitur* is applicable. That doctrine, as the lower court recognized, is only applicable where the instrumentality, the water main in this instance, is in the exclusive control of the party against whom application of the doctrine is sought. *Baxter v. Cramco, Inc.*, 188 W.Va. 515, 425 S.E.2d 191 (1992); *Bronz v. St. Jude's Hosp. Clinic*, 184 W.Va. 594, 402 S.E.2d 263 (1991); *Royal Furniture Co. v. City of Morgantown*, 164 W.Va. 400, 263 S.E.2d 878 (1980). In syllabus point one of *Baxter*, we noted the following:

'Before the doctrine of *res ipsa loquitur* is applicable, three essentials must exist: (1) the instrumentality which causes the injury must be under the exclusive control and management of the defendant; (2) the plaintiff must be without fault; and, (3) the injury must be such that in the ordinary course of events it would not have happened had the one in control of the instrumentality used due care.' Syllabus Point 2, *Royal Furniture Co. v. [City of] Morgantown*, 164 W.Va. 400, 263 S.E.2d 878 (1980).

We also specifically recognized the following in syllabus point two of *Baxter:*

" ' "The doctrine of *res ipsa loquitur* cannot be invoked if the defendant does

---

4. The third-party complaint filed by the Water Company also forwarded the allegation that the City of Charleston failed to maintain the road properly and that the resulting erosion caused the failure of the water main.

5. In cases such as medical malpractice, however, expert testimony is required to demonstrate that a defendant physician was guilty of lack of professional skill or negligence which resulted in injury to the plaintiff. *Hicks v. Chevy*, 178 W.Va. 118, 358 S.E.2d 202 (1987). " 'It is the general rule that in medical malpractice cases negligence or want of professional skill can be proved only by expert witnesses.' Point 2, Syllabus, *Roberts v. Gale*, 149 W.Va. 166, 139 S.E.2d 272 (1964)" Syl. Pt. 2, *Hinkle v. Martin*, 163 W.Va. 482, 256 S.E.2d 768 (1979). Thus, in attempting to defeat a motion for summary judgment on the issue of whether a physician exercised appropriate care or skill, a party must produce expert opinion regarding that physician's alleged inappropriate behavior. *See Hicks*, 178 W.Va. at 121, 358 S.E.2d at 205.

not have control or management of the premises or operations where the accident occurred; or where there is divided responsibility, and the unexplained accident may have been the result of causes over which defendant had no control." Point 1, Syllabus, *Laurent v. United Fuel Gas Co.,* 101 W.Va. 499, 133 S.E. 116 [ (1926) ],' Syllabus point 3, *Walton v. Given,* 158 W.Va. 897, 215 S.E.2d 647 (1975)." Syllabus Point 2, *Bronz v. St. Jude's Hospital Clinic,* 184 W.Va. 594, 402 S.E.2d 263 (1991).

In the present case, although the piping itself was certainly the responsibility of the Water Company, the water main was not completely and exclusively controlled by the Water Company. The integrity of that instrumentality depended upon the continued existence and support of surrounding soil. The water main could fail, for instance, if the above roadway infringed upon it in some manner or if soil surrounding and supporting the lines were removed or shifted. The doctrine of *res ipsa loquitur* is intended to be employed in instances where it is quite obvious that the defendant retains complete control over the instrument causing damage. The water main in the present case simply does not satisfy that definitional requirement.

Upon remand, the doctrine of *res ipsa loquitur* shall not be applied, and the lower court's conclusion with regard to the inapplicability of the doctrine of *res ipsa loquitur* is affirmed. However, the disposition of this matter through the means of summary judgment was inappropriate and premature, and the decision of the lower court in that regard is reversed.

Affirmed in part; reversed in part; and remanded.

BROTHERTON, J., did not participate.

FOX, Judge, sitting by temporary assignment.