# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Stephanie P. Price and John F. Price,**
**Plaintiffs Below, Petitioners**

**vs) No. 14-0678** (Hardy County 11-C-51)

**William L. LaMaster and Louis J. Pelletier,**
**Defendants Below, Respondents**

**FILED**

March 13, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Stephanie P. Price and John F. Price, by counsel Timothy C. Bailey, J. Ryan Stewart, John G. Ours, and J. Burton Hunter III, appeal the Circuit Court of Hardy County's order granting summary judgment to respondents.[1] Respondents William L. LaMaster and Louis J. Pelletier, by counsel Susan R. Snowden and Lisa A. Green, respond in support of the circuit court's order. Petitioners also filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### I. Factual and Procedural Background

On September 11, 2009, Petitioner Stephanie Price was traveling on Route 55 in Hardy County, West Virginia, when she realized she had missed her turn and began looking for a place to turn around. She chose to attempt a left turn onto a road off of Route 55. Respondent William LaMaster was directly behind Mrs. Price and stopped or slowed to permit Mrs. Price to make her turn. Respondent Louis J. Pelletier was a passenger in Mr. LaMaster's vehicle.[2] Richard Moyers was following Mr. LaMaster's vehicle and concluded that he could not stop in time to avoid hitting it. Mr. Moyers steered his truck into the left lane, passed Mr. LaMaster's vehicle, and struck the front of Mrs. Price's vehicle as it turned left. Both respondents remained at the scene and were present when the investigating deputy sheriff arrived.

---

[1] The order is stamped by the clerk as being entered on June 12, 2014. However, the signature page of the order indicates that it was entered on June 13, 2014.

[2] In their reply brief, petitioners assert that a master-servant relationship existed between the respondents because petitioners contend that Mr. Pelletier was acting as Mr. LaMaster's supervisor at all times relevant to this matter.

1

On September 9, 2011, petitioners filed a complaint setting forth allegations of negligence against John Doe defendants and Mr. Moyers, as to Stephanie Price, and a claim for loss of consortium for John Price, Stephanie P. Price's husband. On December 20, 2011, petitioners filed their amended complaint which added respondents and alleged that the defendants' concurrent negligence proximately caused petitioners' injuries and damages. Petitioners reached a settlement with Mr. Moyers related to this accident and Mr. Moyers was dismissed from the action on September 20, 2012, but remained as a defendant below in name only. Respondents filed a joint motion for summary judgment in November of 2012, and petitioners filed a response. Respondents submitted a reply, and the circuit court heard the motion (and other pending motions) on February 26, 2013. On March 12, 2013, the circuit court entered an order staying respondents' motion for summary judgment due to its grant of petitioners' motion for a continuance. The parties conducted additional discovery, and on March 31, 2014, respondents filed a renewed joint motion for summary judgment. Petitioners responded, and the circuit court heard oral argument on April 15, 2014.

In its summary judgment order, the circuit court stated that it was an undisputed material fact that Mr. LaMaster's vehicle came to a stop without striking Mrs. Price's vehicle. It went on to conclude that any duty imposed on Mr. LaMaster is defined and limited by the circumstances existing at the time of the accident and the foreseeable consequences of his actions. The circuit court found that due to the lack of foreseeability, "it is not difficult to conclude that the undisputed material facts are such that [Mr.] LaMaster did not breach any duty to [Mrs. Price], nor was his operation of his vehicle the proximate cause of the accident. Construed in a light most favorable to [petitioners] the [circuit c]ourt finds that there is no genuine issue of material facts as relates to negligence on the part of [respondents]." Therefore, the circuit court granted summary judgment to respondents and dismissed the action. Petitioners appeal from that order.

## II. Standard of Review

Petitioners appeal the circuit court's grant of summary judgment to respondents. Our standard of review for such orders is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994) ("A circuit court's entry of summary judgment is reviewed *de novo*."); Syl. Pt. 2, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998).

## III. Discussion

On appeal to this Court, petitioners assert three assignments of error. Their first and second assignments of error have a great deal of overlap and will be addressed together. First, petitioners argue that the circuit court erred in holding that respondents owed no duty to petitioners and in finding there existed no genuine issue of material fact as to whether respondents breached a duty owed to Petitioner Mrs. Price where respondents were following too closely to her vehicle in violation of West Virginia Code § 17C-7-10. West Virginia Code § 17C-7-10(a) states that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." Petitioners argue that there need not be contact between vehicles for a violation of this statute to occur and that a violation of the statute may be prima facie evidence for the jury's consideration. Petitioners rely heavily upon the report of their

expert, Dr. Ron Eck, in support of their argument that respondents were following too closely to Mrs. Price's vehicle immediately prior to the accident at issue. They argue that because Mr. LaMaster was following too closely, Mr. Moyers was forced to take evasive action to avoid hitting the vehicle driven by Mr. LaMaster. Petitioners contend that it was foreseeable that an accident could occur between the first and third vehicles in a chain where the second vehicle was following too closely to the first.

As their second assignment of error, petitioners assert that the circuit court erred in finding that petitioners failed to establish an issue of material fact as to whether respondents' actions were a proximate cause of the incident. This argument is based on petitioners' assertion that there is direct evidence that places fault on respondents for following too closely and slamming on their brakes resulting in Mr. Moyers slamming on his brakes, changing lanes, and colliding with Mrs. Price's vehicle. Petitioners contend that this is clearly a case of concurrent negligent acts so recovery may be had against one or all negligent parties. They further argue that liability may attach so long as the negligence of a tortfeasor contributes in any degree to the injury.

> In a negligence suit, a plaintiff is required to show four basic elements: duty, breach, causation, and damages. The plaintiff must prove that the defendant owed the plaintiff some duty of care; that by some act or omission the defendant breached that duty; and that the act or omission proximately caused some injury to the plaintiff that is compensable by damages. When we say that a defendant is "negligent," we are merely saying the defendant owed some duty of care to another yet failed to abide by that duty.

*Hersh v. E-T Enterprises, Ltd. P'ship*, 232 W.Va. 305, 310, 752 S.E.2d 336, 341 (2013). We have held that a "[v]iolation of a statute is *prima facie* evidence of negligence. [However, i]n order to be actionable, such violation must be the proximate cause of the plaintiff's injury." Syl. Pt. 1, in part, *Anderson v. Moulder*, 183 W.Va. 77, 394 S.E.2d 61 (1990). Further, "[t]he determination of whether a defendant in a particular case owes a duty to the plaintiff is not a factual question for the jury; rather the determination of whether a plaintiff is owed a duty of care by a defendant must be rendered by the court as a matter of law." Syl. Pt. 5, *Aikens v. Debow*, 208 W.Va. 486, 541 S.E.2d 576 (2000).

> "The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. The test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" Syllabus point 3, *Sewell v. Gregory*, 179 W.Va. 585, 371 S.E.2d 82 (1988).

Syl. Pt. 4, *Louk v. Isuzu Motors, Inc.*, 198 W.Va. 250, 479 S.E.2d 911 (1996).

Petitioner's first assignment of error does not accurately reflect the circuit court's rulings in its summary judgment order. Rather than finding that respondents did not owe a duty to petitioners, the circuit court found that "[l]acking foreseeability, it is not difficult to conclude that

3

the undisputed material facts are that [Mr.] LaMaster did not breach any duty to [Mrs. Price], nor was his operation of his vehicle the proximate cause of the accident." In the instant case, the only citation issued by the investigating officer was to Mr. Moyers for his failure to keep right. Therefore, nothing in the record shows that the officer believed that either respondent violated West Virginia Code § 17C-7-10. In addition, it appears to be undisputed that there was no contact between Mrs. Price's vehicle and the vehicle driven by Mr. LaMaster. Under the facts of this case, we find that the circuit court did not err in finding that it was not foreseeable that the third car in the chain would swerve to the left and strike the first vehicle when the middle vehicle was able to avoid contact with the first vehicle.

"The burden is on the plaintiff to prove by a preponderance of the evidence that the defendant was negligent and that such negligence was the proximate cause of the injury." *In re Tax Assessment of Foster Found.'s Woodlands Ret. Cmty.*, 223 W.Va. 14, 32, 672 S.E.2d 150, 168 (2008) (quoting Syl. pt. 2, *Walton v. Given*, 158 W.Va. 897, 215 S.E.2d 647 (1975)). Based upon the record before this Court, we cannot find that the circuit court erred in concluding that any alleged negligence on the part of respondents was not the proximate cause of Mrs. Price's injury.[3]

Petitioners' final assignment of error is that the circuit court erred as a matter of law by failing to construe evidence in the light most favorable to petitioners when considering respondents' joint motion for summary judgment. Petitioners argue that the circuit court accepted certain facts as true that were testified to by respondents without considering the conflicting testimony of Mr. Moyers and Mrs. Price. Petitioners are critical of the circuit court's finding that Mr. LaMaster's vehicle came to a stop without striking Mrs. Price's vehicle. However, the undisputed evidence was that the vehicle driven by Mr. LaMaster never struck Mrs. Price's vehicle and that respondents remained on scene to speak with the investigating officer. If petitioners take issue with the circuit court's language that Mr. LaMaster was able to stop the vehicle, this seems to be an issue of semantics because Mr. LaMaster was clearly able to navigate the vehicle without making contact and was able to safely stop the vehicle at some point. Thus, this appears to be a fair statement by the circuit court based upon the record before this Court. Petitioners also argue that the circuit court failed to give enough credence to Dr. Eck's opinions and testimony, including his opinion that respondents' truck never came to a complete stop behind petitioners' vehicle.

---

[3] Petitioners assert but do not cite law to support Mr. Eck's opinion that Mr. Pelletier allowing Mr. LaMaster to drive the commercial vehicle at issue was a proximate cause of the collision and Mrs. Price's injuries. Petitioners argue in their reply that the master-servant relationship is applicable here and that Mr. Pelletier, as Mr. LaMaster's supervisor, could have ordered Mr. LaMaster to slow down if he believed that Mr. LaMaster was following too closely to Mrs. Price's vehicle. However, petitioners fail to cite to the record for this contention. Pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, petitioners' argument on this issue lacks the references necessary for this Court to determine whether a master-servant relationship existed between respondents. Despite that issue, we find that petitioner failed to establish that Mr. Pelletier's alleged actions and/or inactions were a proximate cause of the petitioner's alleged injuries.

Pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, summary judgment is proper where the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In this case, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." W.Va.R.Civ.P. 56(c). Whether Mr. LaMaster was able to stop completely behind Mrs. Price's vehicle prior to Mrs. Price's turn is not a genuine issue of material fact, and petitioners cite no authority requiring Mr. LaMaster to come to a complete stop in that instance. That disputed issue is not dispositive of any of the four elements required to prove negligence on the part of respondents, and petitioners admit that whether Mr. LaMaster came to a complete stop is not dispositive of whether he may be responsible for petitioners' injuries and damages. Therefore, we find no error in the circuit court's finding that "[c]onstrued in the light most favorable to [petitioners] . . . there is no genuine issue of material facts (sic) as relates to negligence on the part of [respondents]."

For the foregoing reasons, we conclude that the circuit court did not err in granting summary judgment in favor of respondents. Accordingly, we affirm.

Affirmed.

**ISSUED:** March 13, 2015

**CONCURRED IN BY:**

Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis

5